DA 07-0605

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 433N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

STEPHEN PATRICK HAFFEY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-91
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robin A. Meguire, Attorney at Law; Great Falls, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General; C. Mark Fowler,
Assistant Attorney General; Helena, Montana

      Fred R. Van Valkenburg, Missoula County Attorney; Dorothy Brownlow,
Shawn P. Thomas, Deputy County Attorneys; Missoula, Montana

Submitted on Briefs:  October 16, 2008

Decided:  December 16, 2008

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stephen Patrick Haffey ("Haffey") appeals from the judgment entered on a jury verdict in the Fourth Judicial District Court, Missoula County, finding Haffey guilty of felony assault with a weapon in violation of § 45-5-213, MCA, and driving a motor vehicle under the influence of alcohol ("DUI") in violation of § 61-8-401(1)(a), MCA.

¶3 This case involves an incident in which a vehicle, later identified as Haffey's, hit a pedestrian in the early morning of February 25, 2007. According to witnesses, a small, red vehicle came within feet of hitting a group of individuals as they crossed a street in downtown Missoula. Several of these individuals raised their arms in an attempt to either alert or stop the driver of the vehicle. Instead of stopping, the vehicle slammed on its breaks, went into reverse, and accelerated towards one of the individuals, Chris Nyomo ("Nyomo"). The vehicle struck Nyomo, propelling him onto the car's hood and windshield. Nyomo was thrown from the vehicle as it turned the corner, but the vehicle continued down the street while witnesses aided Nyomo.

¶4 As one of the witnesses described the car to a nearby police officer, the same red vehicle appeared again, and the officer immediately pursued it. Meanwhile, a second

2

officer witnessed the same vehicle run a stop sign a few blocks away. This officer stopped the vehicle and identified Haffey as the driver. Haffey smelled of alcohol and performed poorly on sobriety tests administered by the officer. According to the alcohol report, Haffey's blood alcohol content was .11—above the .08 limit for operating a motor vehicle.

¶5 At the pretrial conference on June 6, 2007, Haffey's trial counsel moved for a continuance, stating that he was "not ready to go" with two rebuttal witnesses. At this time, Haffey told the District Court he was concerned about the effectiveness of his trial counsel, but stated, "I'm ready for trial, and I believe we are ready for trial." He also stated that he did not "really need those [two rebuttal] witnesses."

¶6 On a separate matter, but also during the pretrial conference, Haffey's trial counsel objected to Haffey's father testifying as a witness. Haffey's trial counsel later clarified that his objection was based on a general objection to the admission of a conversation between Haffey and his father that had been recorded while Haffey was in custody at the Missoula County Detention Center ("MCDC"). The District Court sustained the objection at the pretrial conference, but stated during the trial that:

> I sustained an objection on the question of Mr. Haffey's father . . . on hearsay. Last night, right prior to leaving, I made a comment about the tape not being admissible—the transcript. But, there's a statement from Mr. Haffey to his father concerning what happened—that it was an accident, that [in] my opinion is admissible.

The District Court also stated that it originally excluded evidence of the conversation "because of [a] lack of discovery for the defense." Thereafter, Haffey's trial counsel withdrew his "objection to [Haffey's father] testifying, as long as it's for the limited

3

purpose of just establishing that question and answer, without bringing in any of the rest of the tape." At trial, Haffey's father read a portion of the transcript of the MCDC conversation, in which Haffey was quoted as saying, "I don't—all I know is that this guy came running out into the street, and I couldn't stop in time, and I hit him," and "I knew [I] was going to get a DUI." At the close of the trial, the jury convicted Haffey of assault with a weapon and DUI.

¶7 In a letter to the District Court following the verdict, Haffey claimed that his trial counsel provided ineffective assistance. The District Court held a hearing on the issue on July 24, 2007. During the hearing, Haffey alleged that his trial counsel made several errors that prejudiced the outcome of the case, including not pursuing a theory that another person was driving the vehicle at the time of the incident, failing to deliver an opening statement, and failing to bring two rebuttal witnesses to the stand. In response, Haffey's trial counsel stated that he "was going to trial with the idea that Mr. Haffey did not remember what had happened," that "his father had testified that it was an accident," and that "there was never any mention that there was another person, definitively, in the car, or who that person was." Further, Haffey's trial counsel stated that he did not make an opening statement because he wanted to avoid making promises that "certain witnesses would appear, if [he] didn't know they would appear."

¶8 After reviewing Haffey's claims and the explanations provided by Haffey's trial counsel, the District Court determined that testimony from the possible rebuttal witnesses would not have benefited Haffey. The District Court also found that Haffey's trial

4

counsel provided competent representation and that Haffey's "statements to the Court [were], quite frankly, incredulous."

¶9 On August 9, 2007, Haffey was sentenced to 20 years in prison for the assault and to six months in the Montana Chemical Dependency Center for the DUI to run concurrent with the assault sentence. Haffey was also sentenced to 30 years, with 20 suspended, in the Montana State Prison as a persistent felony offender under § 26-18-502, MCA, to run consecutively to the assault and DUI sentences.

¶10 On appeal, Haffey claims that he was denied effective assistance by his trial counsel and that the District Court erred by admitting evidence of the MCDC conversation between Haffey and his father. He also claims that the doctrine of cumulative error prejudiced his right to a fair trial. We do not agree. To succeed on an ineffective assistance of counsel claim, the defendant must demonstrate: (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, ¶ 10, 183 P.3d 861, ¶ 10 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984)). However, "if an insufficient showing is made regarding one prong of the test, there is no need to address the other prong." *Whitlow*, ¶ 11. In determining whether counsel's performance was deficient, the "question which must be answered is whether counsel's conduct fell below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances." *Whitlow*, ¶ 20. In this case, based on the briefs and a review of the record, it is clear that Haffey's trial counsel made objectively reasonable decisions in light of the surrounding circumstances and under

5

prevailing professional norms. Further, there is no evidence the District Court erred by allowing Haffey's father to read a portion of the transcript from the MCDC conversation. The testimony supported a defense theory that Haffey hit Nyomo with his vehicle accidently. Furthermore, the District Court appropriately limited the scope of the father's testimony about the MCDC conversation. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS