DA 12-0084

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 193N

STEPHEN PATRICK HAFFEY,

　　　　　Petitioner and Appellant,

　　v.

STATE OF MONTANA,

　　　　　Respondent and Appellee.

APPEAL FROM:　　District Court of the Fourth Judicial District,
　　　　　　　　In and For the County of Missoula, Cause No. DV 09-351
　　　　　　　　Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　Stephen Patrick Haffey, (self-represented litigant); Shelby, Montana

　　　　　For Appellee:

　　　　　Steve Bullock, Montana Attorney General; C. Mark Fowler,
　　　　　Assistant Attorney General, Helena, Montana

　　　　　Fred Van Valkenburg, Missoula County Attorney; Shawn P. Thomas,
　　　　　Deputy County Attorney, Missoula, Montana

　　　　　　　　　　Submitted on Briefs:　July 25, 2012

　　　　　　　　　　　　Decided:　September 4, 2012

Filed:

_____
　　　　　　　　Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Stephen Haffey appeals from an order of the District Court for the Fourth Judicial District, Missoula County, denying his petition for postconviction relief. We affirm.

¶3 In 2007, a jury convicted Haffey of felony assault with a weapon and driving under the influence of alcohol. This Court affirmed Haffey's conviction on direct appeal in 2008. *State v. Haffey*, 2008 MT 433N (table).

¶4 Proceeding pro se, Haffey then filed a hand-written petition for postconviction DNA testing pursuant to § 46-21-110, MCA. The District Court denied that request, and we affirmed the District Court's order in 2010. *Haffey v. State*, 2010 MT 97, 356 Mont. 198, 233 P.3d 315. In the interim, however, Haffey filed several motions and an amended petition for postconviction relief, so we remanded the case to the District Court for its consideration of those issues.

¶5 On remand, the District Court denied Haffey's petition for postconviction relief. After extracting seventeen claimed grounds for relief from Haffey's petition and supporting memorandum, the District Court determined that they were all procedurally barred. Section 46-21-105(2), MCA, provides that grounds that were or could reasonably

2

have been raised on direct appeal cannot again be raised when seeking postconviction relief. Section 46-21-104(1)(c), MCA, provides that petitions for postconviction relief must be supported by sworn, provable facts. These statutes clearly apply to Haffey's later pleadings, and, upon review, we find no reason in fact or in law to disturb the District Court's order.

¶6 On appeal, Haffey now raises a number of other issues. First, he argues that the District Court abused its discretion by denying him an opportunity to "correct" his petition for postconviction relief. However, he did not move the District Court to amend his petition or otherwise attempt to make "corrections." Haffey also argues for the first time on appeal that he is being denied access to the courts. He additionally asserts that the District Court abused its discretion by denying his discovery requests. Haffey is apparently referring to an order the District Court issued on April 23, 2009 that denied his request for production of his trial counsel's "trial file." He did not appeal that order. This Court will not review issues that were not raised below or properly preserved for appeal in the district court. *State v. Price*, 2007 MT 269, ¶ 14, 339 Mont. 399, 171 P.3d 293; *State v. Ferguson*, 2005 MT 343, ¶ 38, 330 Mont. 103, 126 P.3d 463; *Ellenburg v. Chase*, 2004 MT 66, ¶ 14, 320 Mont. 315, 87 P.3d 473. Because Haffey did not raise or preserve these issues in the District Court, he is now barred from raising them on appeal.

¶7 Lastly, Haffey argues that the District Court erred by failing to properly address his "other-driver defense." Haffey's "other-driver defense" was central to his claim that his trial counsel was ineffective, a claim that was fully adjudicated and rejected on direct

3

appeal. Again, because this issue was previously considered, our review is now precluded by § 46-21-105(2), MCA.

¶8    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law, and it is manifest on the face of the briefs and the record that there was not an abuse of discretion. We find no reason in fact or law to disturb the District Court's order.

¶9    Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BETH BAKER