No. 02-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 66

MICHAEL ELLENBURG,

       Petitioner and Appellant,

   v.

DOUG CHASE, STATE OF MONTANA, et al.,

       Respondents and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                    In and for the County of Missoula, Cause No. DV 2001-573
                    The Honorable John W. Larson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Michael Ellenburg, *pro se*, Deer Lodge, Montana

       For Respondents:

       Hon. Mike McGrath, Montana Attorney General, Pamela P. Collins, Assistant Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  August 29, 2002

Decided:  March 23, 2004

Filed:

_____
                          Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Michael Ellenburg, acting *pro se*, appeals an order of the District Court for the Fourth Judicial District, Missoula County, denying his petition for postconviction relief. We affirm.

¶2    The issue on appeal, as framed by the State, is: Whether Ellenburg's petition for postconviction relief was properly denied.

**Factual and Procedural Background**

¶3    On October 14, 1997, Ellenburg, a licensed insurance agent, was charged by Information with three counts of felony theft, two counts of misdemeanor elder abuse and one count of felony forgery, all stemming from Ellenburg's misuse of an elderly client's funds. The facts surrounding the charges are set forth in *State v. Ellenburg*, 2000 MT 232, 301 Mont. 289, 8 P.3d 801.

¶4    At his arraignment on October 31, 1997, Ellenburg pleaded not guilty to the charges. On November 17, 1998, Ellenburg filed a motion to dismiss the charges under *Brady v. Maryland* (1963), 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, based on a search of his residence in June 1997, resulting in the seizure of his business records, and for an alleged violation of his right to a speedy trial. After an evidentiary hearing on January 28, 1999, the District Court denied Ellenburg's motion.

¶5    Thereafter, Ellenburg moved to withdraw his not-guilty pleas and, pursuant to a plea agreement, Ellenburg pleaded guilty to two counts of felony theft and one count of felony forgery, reserving the right to appeal the District Court's denial of his motion to dismiss. In addition, Ellenburg waived the preparation of a pre-sentence investigative report and agreed

2

to pay restitution.

¶6     The District Court sentenced Ellenburg to ten years at Montana State Prison on each of the felony theft charges and twenty years on the charge of felony forgery.  The District Court ordered that the sentences run consecutively, but the court suspended the sentences for felony theft and five years of the sentence for felony forgery with conditions.  The court also ordered that Ellenburg pay restitution in the amount of $136,635.

¶7     Ellenburg appealed the denial of his motion to dismiss the charges, but we affirmed the judgment of the District Court in August 2000.  *Ellenburg*, ¶¶ 44, 57.

¶8     On July 25, 2001, Ellenburg filed a petition for postconviction relief in the District Court along with a supporting brief.  The court denied the petition on March 4, 2002, concluding that the only claim raised by Ellenburg that was not precluded by a procedural bar or his guilty plea was Ellenburg's claim of ineffective assistance of counsel for counsel's failure to introduce Ellenburg's medical and psychological records to mitigate his sentence. As to that claim, the court concluded that Ellenburg received exactly the sentence he bargained for, therefore, Ellenburg was not prejudiced by counsel's failure to introduce his records.

¶9     Ellenburg now appeals the District Court's denial of his petition for postconviction relief .

**Standard of Review**

¶10     We review a district court's denial of a petition for postconviction relief to determine whether its findings are clearly erroneous and whether it correctly interpreted the law. *Dawson v. State*, 2000 MT 219, ¶ 18, 301 Mont. 135, ¶ 18, 10 P.3d 49, ¶ 18, *cert. denied*, 532 U.S. 928, 121 S.Ct. 1372, 149 L.Ed.2d 299 (2001).

**Discussion**

¶11     Relying on Rule 12(b)(6), M.R.Civ.P., and various cases interpreting that Rule, Ellenburg asserts on appeal that the standard for dismissing a postconviction petition without a hearing is identical to the standard for dismissing a civil complaint based on the pleadings alone.  Thus, he asserts that in considering his motion to dismiss, we must construe his petition in the light most favorable to him and that all allegations of fact contained in the petition must be taken as true.  However, in its brief on appeal, the State points out that Ellenburg's assertions are incorrect because Rule 12(b)(6) is inconsistent with the specific pleading and proof provisions of the postconviction petition statutes.

¶12     The Rules of Civil Procedure apply to postconviction relief petitions only if they are consistent with the specific provisions of the postconviction statutes.  Section 46-21-201(1)(c), MCA.  Unlike civil complaints, the postconviction statutes are demanding in their pleading requirements.  Section 46-21-104, MCA, sets forth what a postconviction petition must contain:

> (1) The petition for postconviction relief must:
> (a)  identify the proceeding in which the petitioner was convicted, give the date of the rendition of the final judgment complained of, and *clearly set*

4

*forth the alleged violation or violations*;

. . . .

(c) *identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts.* [Emphasis added.]

And, § 46-21-104(2), MCA, provides that a petition must be accompanied by a supporting memorandum, including appropriate arguments and citations and discussion of authorities. Additionally, a postconviction petitioner has the burden of proving by a preponderance of the evidence that he or she is entitled to relief. *State v. Peck* (1993), 263 Mont. 1, 3-4, 865 P.2d 304, 305. Thus, contrary to Ellenburg's assertions, because the testing of the sufficiency of postconviction claims is directed by the more specific provisions of the postconviction statutes, the traditional civil law standards for testing the sufficiency of claims is unavailable to postconviction petitioners.

¶13 *Whether Ellenburg's petition for postconviction relief was properly denied.*

¶14 Ellenburg raises several issues on appeal, some of which he raised in his petition for postconviction relief in the District Court and some of which he did not. This Court has stated on numerous occasions that it will not review issues that were not preserved for appeal in the district court. *State v. Schmalz*, 1998 MT 210, ¶¶ 11-13, 290 Mont. 420, ¶¶ 11-13, 964 P.2d 763, ¶¶ 11-13; *State v. Spotted Blanket*, 1998 MT 59, ¶ 13, 288 Mont. 126, ¶ 13, 955 P.2d 1347, ¶ 13. As the State notes in its brief on appeal, the rule is the same in the civil context. Rule 2(a), M.R.App.P., provides that, in a civil case, the Court may review on appeal any decision of a district court that has been objected to within the meaning of Rule 46, M.R.Civ.P. (a party must make known to the trial court, at the time the ruling is

5

made or sought, the party's objection to the action and the grounds therefor).

¶15    Ellenburg claims that counsel failed to advise him about his right to appeal and failed to take the necessary steps to perfect the appeal. Because Ellenburg did not raise this issue in the District Court, he is barred from raising it on appeal. *Schmalz*, ¶¶ 11-13; *Spotted Blanket*, ¶ 13. Nevertheless, Ellenburg was not prejudiced by counsel's alleged failure in this regard because Ellenburg did, in fact, appeal his conviction. *See State v. Ellenburg*, 2000 MT 232, 301 Mont. 289, 8 P.3d 801.

¶16    Ellenburg also claims that the State misrepresented evidence and introduced false and misleading evidence at sentencing. Once again, because Ellenburg failed to raise this issue in the District Court, he is barred from raising it on appeal. *Schmalz*, ¶¶ 11-13; *Spotted Blanket*, ¶ 13. Even so, a petition for postconviction relief must be based on more than mere conclusory allegations. It must "identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9 (quoting § 46-21-104(1)(c), MCA). Here, Ellenburg fails to state what evidence was misrepresented or what the alleged false and misleading evidence was. Hence, even if Ellenburg had raised this issue in the District Court, he has waived his right to have this Court consider the issue because he failed to provide any evidentiary support for his allegations. *Wright*, ¶ 9.

¶17    Ellenburg further claims that the State breached the plea agreement, however, Ellenburg fails to indicate in what manner the plea agreement was breached. Once again,

Ellenburg did not raise this issue in the District Court, but even if he had, he waived his right to have this Court consider the issue because he failed to provide any evidentiary support for his allegations. *Wright*, ¶ 9.

¶18    In addition, Ellenburg claims that trial counsel provided ineffective assistance because counsel failed to investigate and failed to present mitigating evidence. This claim is different than the ineffective assistance of counsel claim Ellenburg presented in the District Court. There, Ellenburg contended that counsel failed to introduce Ellenburg's medical and psychological records in mitigation. Here, Ellenburg contends that trial counsel failed "to adequately investigate and present mitigation evidence on his behalf" implying that some other mitigating evidence would have come to light had counsel adequately investigated. This Court has repeatedly held that a party may not change its theory on appeal from the one advanced in the district court. *State v. Kober*, 1999 MT 264, ¶ 11, 296 Mont. 425, ¶ 11, 989 P.2d 399, ¶ 11. Thus, we decline to review this argument further.

¶19    Even though several of the issues that Ellenburg now raises on appeal were raised in his postconviction petition in the District Court, those issues are also procedurally barred because Ellenburg either raised them on direct appeal or reasonably could have raised them on direct appeal.

> (2)  When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. . . .
> (3)  For purposes of this section, "grounds for relief" includes all legal and factual issues that were or could have been raised in support of the petitioner's claim for relief.

7

Section 46-21-105(2) and (3), MCA.

¶20    One such issue is Ellenburg's claim that his federal and state constitutional rights were violated when "thousands" of his records and files were seized without his consent or an inventory. When Ellenburg pleaded guilty, he reserved the right to appeal the District Court's denial of his motion to dismiss the charges against him on the grounds that the search of his business records was illegal and that allegedly exculpatory evidence was seized. On direct appeal, Ellenburg limited his claim to certain seized documents, thus we addressed the loss of only those documents. *Ellenburg*, ¶¶ 53-57. Consequently, Ellenburg's claim that his rights were violated as to those documents is procedurally barred under § 46-21-105(2), MCA, because that claim was raised on direct appeal.

¶21    Additionally, Ellenburg's claims as to any records or files other than those mentioned above, are procedurally barred because those claims were not preserved for appeal under § 46-12-204(3), MCA. A guilty plea that is voluntary and intelligent constitutes a waiver of nonjurisdictional defects and defenses. *State v. Niederklopfer*, 2000 MT 187, ¶ 13, 300 Mont. 397, ¶ 13, 6 P.3d 448, ¶ 13 (citations omitted).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea.

*Niederklopfer*, ¶ 13 (quoting *Tollett v. Henderson* (1973), 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235).

¶22    Ellenburg also claims that his right to a speedy trial was violated because 616 days

8

elapsed from the date of his arrest on June 13, 1997, to the date of his conviction on March 2, 1999. On direct appeal, Ellenburg argued that his right to a speedy trial was violated because 493 days elapsed between the date the Information was filed and the date of his trial. Because, this Court has already addressed Ellenburg's speedy trial claim, *Ellenburg*, ¶¶ 13-44, this claim is procedurally barred under § 46-21-105(2), MCA.

¶23 Similarly, all of Ellenburg's other claims regarding violations of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution and Article II, sections 12, 17, 24 and 25 of the Montana Constitution, are procedurally barred under either § 46-12-204(3), MCA, because they were not preserved for appeal, or § 46-21-105(2), MCA, because they were not raised on appeal when they reasonably could have been.

¶24 In addition, Ellenburg claims that he was unlawfully sentenced to pay restitution in the amount of $136,635 because his financial resources and future ability to pay restitution were not addressed or documented in a pre-sentence investigative report or at sentencing in violation of § 46-18-242(1)(a), MCA. Ellenburg is procedurally barred under § 46-21-105(2), MCA, from raising this claim in a postconviction proceeding because he reasonably could have raised it on direct appeal, but failed to do so. Moreover, Ellenburg cannot show that he was prejudiced by the order to pay restitution because in his plea agreement, Ellenburg agreed to waive the pre-sentence investigative report and to pay the full amount of restitution. After receiving the benefit of the plea bargain, Ellenburg cannot now claim error. *State v. Harris*, 1999 MT 115, ¶ 32, 294 Mont. 397, ¶ 32, 983 P.2d 881, ¶ 32 ("We will not put a district court in error for an action in which the appealing party acquiesced or

actively participated.").

¶25  Ellenburg also claims ineffective assistance of counsel for counsel's failure to object when the District Court attributed 98 days of delay to Ellenburg thereby depriving Ellenburg of the opportunity to demonstrate a violation of his right to a speedy trial. The District Court held a trial-scheduling conference on November 12, 1998. At that time, defense counsel informed the court that there would be several defense pretrial motions. Defense counsel proposed a briefing schedule and an evidentiary hearing. Based on that information, the District Court set the date of trial as February 19, 1999, and attributed the 98 days of delay to Ellenburg.

¶26  Before reaching the merits of an ineffective assistance of counsel claim in a postconviction relief proceeding, we must determine whether such a claim is properly before this Court or whether the claim is procedurally barred. Such a claim could be barred by § 46-21-105(2), MCA, if it reasonably could have been raised on direct appeal. *Wright*, ¶ 12. In deciding whether an ineffective assistance of counsel claim could have been raised on direct appeal, we must determine whether the allegation is based on facts of record. "In distinguishing on-record and off-record actions of counsel, the definitive question is 'why' counsel acted or failed to act." *State v. Fields*, 2002 MT 84, ¶ 32, 309 Mont. 300, ¶ 32, 46 P.3d 612, ¶ 32. In the instant case, why Ellenburg's counsel acted or failed to act is fully explained in the record. Counsel requested the 98-day delay so that he could prepare pretrial motions and so that he could prepare for an evidentiary hearing on Ellenburg's behalf. Because this claim is based on facts of record, it could reasonably have been raised on direct

10

appeal, but, because it was not, it is procedurally barred in this postconviction proceeding. *See Hagen v. State*, 1999 MT 8, ¶ 18, 293 Mont. 60, ¶ 18, 973 P.2d 233, ¶ 18.

¶27 Ellenburg further claims ineffective assistance of counsel for counsel's failure to introduce Ellenburg's medical and psychological records. However, this claim too must fail because Ellenburg cannot demonstrate that counsel's assistance was ineffective or that he was prejudiced by the alleged ineffective assistance. A petition for postconviction relief must identify all facts supporting the grounds for relief set forth in the petition and all affidavits, records, or other evidence establishing the existence of those facts must be attached to the petition. Section 46-21-104(1)(c), MCA; *Wright*, ¶ 9. Ellenburg failed to produce his medical and psychological records or even specify what is contained in those records that might have mitigated his sentence. Moreover, Ellenburg was sentenced to exactly the same sentence he bargained for. By agreeing to the sentence he received, Ellenburg has waived any right to contest that sentence in a postconviction proceeding.

¶28 Accordingly, we hold that the District Court did not err in denying Ellenburg's petition for postconviction relief.

¶29 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER