No. 04-077

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 129N

JEREMIAH VICTOR SAVAGE,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Respondent.

APPEAL FROM:     District Court of the Third Judicial District,
In and For the County of Anaconda-Deer Lodge, Cause No. DV 03-132
Honorable Ted L. Mizner, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Jeremiah V. Savage, *Pro Se*, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

Mike Grayson, County Attorney, Anaconda, Montana

Submitted on Briefs:  April 20, 2004

Decided:  May 18, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Jeremiah Victor Savage appeals from the order of the Third Judicial District Court, Anaconda-Deer Lodge County, dismissing his petition for postconviction relief. We affirm.

¶3 On appeal, Savage contends that the reasons given for revocation of his suspended sentence violate the prohibition on multiple punishments for the same action; the court is requiring him to serve a consecutive term upon revocation; the reasons given by his probation/parole officer to revoke his suspended sentence do not comport with due process; and he was denied due process when he was not provided with a timely revocation hearing.

¶4 All of the issues raised in Savage's petition for postconviction relief could have been raised on direct appeal of the revocation of his suspended sentence. While the District Court's order addressed the merits of Savage's petition for postconviction relief, § 46-21-105(2), MCA, has long precluded claims on postconviction relief which could have been raised on direct appeal but were not. For that reason, we conclude dismissal was proper without reaching the merits of the issues.

¶5    In his reply brief, Savage states he terminated his revocation hearing trial counsel, asked the District Court to appoint him different counsel but was appointed the same counsel, and requested his counsel to appeal his revocation, which counsel did not do. Savage did not raise this claim--apparently of ineffective assistance of counsel--in his petition for postconviction relief before the District Court and, as a result, we will not consider it here. *See Ellenburg v. Chase*, 2004 MT 66, ¶ 14, 320 Mont. 315, ¶ 14, 87 P.3d 473, ¶ 14.

¶6    It is manifest on the face of the briefs and the record that this appeal is without merit because the issues are clearly controlled by settled Montana law. Therefore, pursuant to Section I, Paragraph 3(d)(i)(1), Montana Supreme Court 1996 Internal Operating Rules, we affirm the District Court's dismissal of the petition for postconviction relief.


/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER