

DA 11-0345

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 92N

LEWIS GALE THORP,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Sixteenth Judicial District,
In and For the County of Custer, Cause No. DV 2011-17
Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Lewis Gale Thorp, (self-represented litigant); Shelby, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Matthew T. Cochenour,
Assistant Attorney General, Helena, Montana

          Wyatt Glade, Custer County Attorney, Miles City, Montana

Submitted on Briefs:  March 21, 2012

Decided:  April 24, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In January 2009, Louis Gale Thorp (Thorp) was convicted by jury of one count of sexual intercourse without consent in the Sixteenth Judicial District Court, Custer County, for the rape of a fifteen-year-old girl. The District Court sentenced Thorp to life in the Montana State Prison without the possibility of parole. On February 6, 2009, Thorp filed a motion for a new trial pursuant to § 46-16-702, MCA, arguing that the State improperly vouched for the victim's credibility. He also argued that the court used an improper jury instruction for "without consent" and improperly admitted other acts evidence. The District Court denied Thorp's motion, and this Court affirmed. *State v. Thorp*, 2010 MT 92, 356 Mont. 150, 231 P.3d 1096 (hereinafter *Thorp I*).

¶3 In *Thorp I*, we held that the witness law enforcement officer's response that the victim's story "seemed credible" did not warrant plain error review. *Thorp I*, ¶ 25. Rather, a cautionary instruction was sufficient under the circumstances to remedy any alleged infringement on Thorp's right to a fair trial. *Thorp I*, ¶¶ 29-30. It was not an abuse of discretion to allow testimony regarding Thorp's admission of an alleged oral sex act on him by the victim, because Thorp's own counsel participated in the line of

2

questioning that gave rise to the unexpected testimony. *Thorp I*, ¶ 40. Finally, we held that the court's jury instructions fully and fairly instructed the jury, and that Thorp's sentence fell within the statutory guidelines for his offense. *Thorp I*, ¶¶ 37, 43.

¶4     Thorp then filed for post-conviction relief, alleging ineffective assistance of counsel (IAC), that the State had impermissibly vouched for the victim's credibility, and that the testimony regarding oral sex constituted material evidence improperly withheld by the prosecution. On April 21, 2011, the District Court denied Thorp's petition, concluding that all claims had either been addressed on appeal or were record based and should have been raised on direct appeal. The District Court later denied another motion to reinstate the petition, finding that Thorp was simply rearguing issues that had been decided. He now appeals from the orders of the District Court alleging several constitutional violations in addition to re-raising the issues that he did in his petition for post-conviction relief.

¶5     Thorp makes a single allegation in support of his IAC claim. He alleges that his attorneys did not believe in his innocence as evidenced by statements they made to prosecutors that two State's witnesses could be incriminating themselves based upon their proposed testimony. The District Court found that these claims were record based and should have been brought on direct appeal. We agree. When a petitioner has been afforded the opportunity for a direct appeal of a conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised in a petition for post-conviction relief. Section 46-21-105(2), MCA; *see also Ellenburg v. Chase,* 2004 MT 66, ¶ 19, 320 Mont. 315, 87 P.3d 473.

¶6 As for the claim that the State impermissibly vouched for the credibility of the victim during trial, the District Court correctly determined that this argument was previously addressed on direct appeal. *See Thorp I*, ¶¶ 22-30. Likewise, we also conclusively resolved the issue of whether the trial court impermissibly admitted other acts evidence under M. R. Evid. 404(b) when it allowed witnesses to testify regarding Thorp's admission of alleged oral sex by the victim at some point during 2006. *Thorp I*, ¶ 40. Accordingly, these issues may not be raised in a petition for post-conviction relief.

¶7 In reference to the other acts evidence discussed above, Thorp makes the new allegation that he learned of this evidence for the first time on the second day of trial. He alleges that this constitutes material evidence withheld by the State in violation of the principles set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963). This argument is misplaced because the evidence in question was not suppressed—it arose for the first time on the second day of trial during a line of questioning of prosecution witnesses in which Thorp's counsel actively participated. Moreover, this testimony was unknown to the State before it surfaced at trial, thus making pretrial disclosure impossible. *See Thorp I*, ¶¶ 27- 28.

¶8 Finally, Thorp makes the argument that several of his rights under the United States Constitution and the Montana State Constitution were violated at trial. He makes no supporting argument or allegations as to how these violations occurred, but instead simply lists the provisions and alleges violations. We generally refuse to consider arguments raised for the first time on appeal, let alone on second appeal. *See e.g. City of Missoula v. Moore*, 2011 MT 61, ¶ 13, 360 Mont. 22, 251 P.3d 679. This includes new

4

arguments and changes in legal theory. *State v. Ferguson*, 2005 MT 343, ¶ 38, 330 Mont. 103, 126 P.3d 463. Moreover, as we stated above, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised in a petition for post-conviction relief. Section 46-21-105(2), MCA.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BETH BAKER
/S/ JAMES C. NELSON