FILED

August 11 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0461

DA 14-0461

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 238N

GARY JAMES THAUT,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
                      In and For the County of Powell, Cause No. DV 13-110
                      Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Gary James Thaut, Self-Represented, Deer Lodge, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein,
            Assistant Attorney General, Helena, Montana

            Lewis K. Smith, Powell County Attorney, Deer Lodge, Montana

                            Submitted on Briefs:  July 15, 2015
                                      Decided:  August 11, 2015

Filed:

                                          Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary James Thaut appears as a self-represented litigant and appeals the denial of his petition for post-conviction relief in the Third Judicial District Court, Powell County. We affirm.

¶3 Thaut is an inmate at the Montana State Prison (MSP). While incarcerated, the State alleged that Thaut punched a correctional officer in the face, causing him bodily injury. Thaut was subsequently convicted of felony Assault on a Peace Officer in violation of § 45-5-210, MCA, in the Third Judicial District Court. William Hooks was Thaut's appointed counsel. The District Court sentenced Thaut to a five-year term of imprisonment at MSP, which was ordered to run consecutively with Thaut's underlying sentence. Thaut filed a timely notice of appeal.

¶4 Wendy Holton was assigned to represent Thaut on appeal. Holton subsequently filed an *Anders* brief with a motion to withdraw from representation. Thaut did not timely respond to the *Anders* brief. On February 27, 2013, this Court independently examined the record and dismissed Thaut's appeal concluding that an appeal would be wholly frivolous. Order, *State v. Thaut*, DA 12-0458 (Feb. 27, 2013). Thaut later contended that he had not filed a timely response due to a misunderstanding regarding service to the Clerk of Court. On April 2, 2013, after accepting and considering Thaut's late submissions, this Court

2

reaffirmed its previous order dismissing Thaut's appeal. Order, *State v. Thaut*, DA 12-0458 (Apr. 2, 2013).

¶5 On December 2, 2013, Thaut filed a petition for post-conviction relief raising numerous claims, including bias by the District Court and this Court, malicious prosecution, and ineffective assistance of trial and appellate counsel. The State and Hooks responded. On June 9, 2014, the District Court denied Thaut's petition. On September 23, 2014, this Court denied Thaut's writ of mandamus requesting an order to require MSP Mental Health staff to release all of his mental health records. *Thaut v. State*, DA 14-0461 (Sept. 23, 2014). On January 2, 2015, Thaut filed this appeal from the District Court's June 9, 2014 denial of Thaut's petition.

¶6 Thaut's argument that District Court Judge Ray Dayton should have recused himself from the proceedings because Thaut filed a complaint against him with the Judicial Standards Commission in 2011 "could reasonably have been raised on direct appeal" and is therefore procedurally barred. *See* § 46-21-105(2), MCA. Thaut's arguments that Powell County was an improper venue, that he was improperly referred to as "the Offender" during trial, and that there was insufficient evidence to support his conviction are record-based claims that were previously raised on direct appeal in the *Anders* brief, and are also procedurally barred pursuant to § 46-21-105(2), MCA. Moreover, this Court has already determined that those appellate issues were "wholly frivolous."

¶7 We further reject Thaut's arguments related to his claims of ineffective assistance of trial and appellate counsel as Thaut has not adequately established either prong of the *Strickland* test. *See Sartain v. State*, 2012 MT 164, ¶ 11, 365 Mont. 483, 285 P.3d 407; *see*

3

*also Ellenburg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315, 87 P.3d 473 ("a petition for postconviction relief must be based on more than mere conclusory allegations").

¶8      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions.  Having reviewed the briefs and the record on appeal, we conclude that Thaut has not met his burden of persuasion.  We therefore affirm the District Court's denial of Thaut's petition for post-conviction relief.


                                        /S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE