FILED

March 29 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0198

DA 15-0198

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 75N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

BOBBY COOKSEY,

      Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourteenth Judicial District, In and For the County of Musselshell, Cause No. DC 09-13 Honorable Randal I. Spaulding, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Bobby Cooksey, Self-Represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant Attorney General, Helena, Montana

          Kent Sipe, Musselshell County Attorney, Roundup, Montana

Submitted on Briefs: March 2, 2016

Decided: March 29, 2016

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Bobby Cooksey (Cooksey) was convicted of deliberate homicide on September 20, 2010. On January 5, 2011, the District Court imposed Cooksey's sentence, which included restitution to the victim's family. Cooksey petitioned to have his firearms and ammunition exempted from the writ of execution, but after a hearing on the matter, the District Court denied his petition on April 28, 2011. We affirmed his conviction on appeal. *State v. Cooksey*, 2012 MT 226, 366 Mont. 346, 286 P.3d 1174. Cooksey then petitioned the United States Supreme Court for a writ of certiorari, which the Supreme Court denied on April 15, 2013. *Cooksey v. Montana*, 133 S. Ct. 1836 (2013). That day, April 15, 2013, is the day Cooksey's conviction became final for purposes of postconviction review. Section 46-21-102(1)(c), MCA ("A conviction becomes final for purposes of this chapter when . . . (c) if review is sought in the United States supreme court, on the date that that court issues its final order in the case.").

¶3 Cooksey had one year from the day his conviction became final to petition for postconviction relief (PCR). Section 46-21-102(1), MCA (A petition for postconviction relief "may be filed at any time within 1 year of the date that the conviction becomes final."). On August 13, 2014, more than a year after his conviction became final,

Cooksey filed a motion requesting that the District Court vacate its April 28, 2011 Order denying his motion to have his firearms and ammunition exempted from execution. Cooksey's motion could be construed as a PCR petition because he is attacking the legitimacy of his sentence, § 46-21-101(1), MCA, which included a restitution order but did not specifically list the personal property that would be subject to execution. The District Court concluded that Cooksey's claims are barred whether they are construed as a PCR petition or not, and denied the motion to vacate. Cooksey appeals the denial of his motion to vacate.

¶4 If Cooksey's motion to vacate is construed as a PCR petition, *see* § 46-21-101(1), MCA, his claims are time barred because he did not bring them within a year of the date on which his conviction became final, § 46-21-102(1), MCA. Further, the issues he raises are substantively barred because they could have been but were not raised on direct appeal. Section 46-21-105(2), MCA ("When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter."); *see e.g. Ellenburg v. Chase*, 2004 MT 66, ¶ 19, 320 Mont. 315, 87 P.3d 473.

¶5 If Cooksey's motion to vacate is construed as something other than a PCR petition, his claims are barred because he did not timely appeal the District Court's April 28, 2011 Order denying his claimed exemptions. *See* M. R. Civ. P. 59(e)-(f), 60(b)(1); M. R. App. P. 4(5). Further, in his brief on appeal, Cooksey raises no error made by the District Court and states no basis for reversing the District Court's decision. His only

3

argument seems to be based on his personal belief that his firearms and ammunition should not have been subject to execution. Because Cooksey has failed to support his appeal with any argument or authority, as he is required to do under Rule 12(1)(g) of the Montana Rules of Appellate Procedure, he has failed to carry his burden of proving error on the part of the District Court. "We have repeatedly held that it is not this Court's obligation to conduct legal research on behalf of a party or to develop legal analysis that might support a party's position." *State v. Cybulski*, 2009 MT 70, ¶ 13, 349 Mont. 429, 204 P.3d 7.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not err in concluding that Cooksey's petition was time barred.

¶7 Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER

4