FILED

May 3 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0130

DA 15-0130

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 99N

BOBBY COOKSEY,

      Petitioner and Appellant,

    v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Musselshell, Cause No. DV 14-22
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Bobby Cooksey, self-represented; Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General; Helena, Montana

          Kent M. Sipe, Musselshell County Attorney; Roundup, Montana

Submitted on Briefs:  March 30, 2016

Decided:  May 3, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This is a direct appeal by Bobby Cooksey of the District Court's dismissal of his petition for postconviction relief. The factual and procedural background for the underlying criminal case was recounted by this Court in *State v. Cooksey*, 2012 MT 226, 366 Mont. 346, 286 P.3d 1174. Cooksey shot and killed his neighbor, Tracy Beardslee, while Beardslee was trimming weeds on the other side of two fences. A jury convicted Cooksey of deliberate homicide and this Court affirmed the conviction. Cooksey then filed a petition for postconviction relief in district court. After receiving the State's response, the District Court dismissed Cooksey's petition for postconviction relief without holding a hearing on the ground it failed to state any claims upon which relief could be granted.

¶3 It is difficult to discern what errors Cooksey asserts the District Court committed, but there appears to be two arguments: (1) the District Court erred by dismissing his ineffective assistance of counsel claim; and (2) the District Court erred by dismissing his *Brady* violation claim.

¶4    A district court may dismiss a petition for postconviction relief without holding an evidentiary hearing if the procedural threshold set forth in § 46-21-104(1)(c), MCA, is not satisfied. *Herman v. State*, 2006 MT 7, ¶ 15, 330 Mont. 267, 127 P.3d 422. In addition, a court may dismiss a petition for postconviction relief without ordering a response if the petition, files and records "conclusively show that the petitioner is not entitled to relief"; alternatively, it may order a response and, after reviewing the response, "dismiss the petition as a matter of law for failure to state a claim for relief or it may proceed to determine the issue." *Herman*, ¶ 15 (citing § 46-21-201(1)(a), MCA).

*A.    Ineffective Assistance of Counsel.*

¶5    Ineffective assistance of counsel claims present mixed questions of law and fact which are reviewed de novo. *State v. Green*, 2009 MT 114, ¶ 14, 350 Mont. 141, 205 P.3d 798. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance contemplated by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). A petitioner bringing such a claim bears a heavy burden to overcome this presumption. *Whitlow v. State*, 2008 MT 140, ¶ 15, 343 Mont. 90, 183 P.3d 861. In order to prevail upon such a claim, the petitioner must prove (1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense. *Whitlow*, ¶ 10. Because a defendant must satisfy both prongs of this test, an insufficient showing under one prong makes it unnecessary to address the other prong. *Whitlow*, ¶ 11.

¶6     Cooksey argues his counsel was ineffective because counsel failed to review a videotape disclosed by the prosecution, failed to prepare defense witnesses and impeach adverse witnesses, failed to object to speculative testimony, failed to offer photographs of the victim's firearms, and failed to call witnesses to testify to the victim's mental deficiencies. However, Cooksey does not explain how any of these instances constituted a legally deficient performance, nor does Cooksey explain how his defense was prejudiced. Moreover, Cooksey fails to show that any of this evidence would have been admitted. *See State v. Hildreth*, 267 Mont. 423, 432, 884 P.2d 771, 777 (1994) (the failure to object does not constitute IAC where the objection lacks merit and would have been properly overruled). Cooksey's various ineffective assistance of counsel claims are no more than conclusory allegations, and were properly dismissed. *See Ellenburg v. Chase*, 2004 MT 66, ¶ 16, 320 Mont. 315, 87 P.3d 473 ("[A] petition for postconviction relief must be based on more than mere conclusory allegations.").

        B.     *Brady Violation.*

¶7     The State's suppression of material evidence favorable to a defendant violates the defendant's constitutional right to due process. *State v. Johnson*, 2005 MT 318, ¶ 12, 329 Mont. 497, 125 P.3d 1096 (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). In order to demonstrate a *Brady* violation, the criminal defendant bears the burden of showing that (1) the State possessed evidence favorable to the defense; (2) the defendant did not possess the evidence nor could he have obtained it with reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed,

4

a reasonable probability exists that the outcome of the proceeding would have been different. *Johnson*, ¶ 12. Where no such showing can be made, no violation can be found. *Johnson*, ¶ 15.

¶8 Cooksey argues the prosecution failed to disclose exculpatory evidence, including dash cam videos from the sheriff and deputies and that the sheriff failed to include all detailed information in his incident report. As with his ineffective assistance of counsel claims, Cooksey's claims are conclusory with no supporting facts. Cooksey fails to explain how the dash cam footage was favorable or would have changed the outcome of the trial. Cooksey does not explain what was missing from the sheriff's incident report, let alone how such an omission prejudiced his defense. Cooksey therefore failed to establish any *Brady* violation may have occurred, and his claim was properly dismissed.

¶9 We have determined to decide this case pursuant to Section 1, Paragraph 3(c) of our Internal Operating Rules, which provides for unpublished opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶10 Affirmed.

/S/ JIM RICE

We concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

5