

ORIGINAL



# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0126

DUANE RONALD BELANUS,

Petitioner and Appellant,

v.

STATE OF MONTANA and TIM FOX,

Respondents and Appellees.

ORDER

The Attorney General for the State of Montana has moved for dismissal of three appeals filed by Appellant Duane Ronald Belanus, and consolidated herein.[1] Belanus has filed a response in opposition.

The State first argues that Belanus's appeals are untimely, explaining that Belanus is attempting to appeal the dismissals of three civil complaints by the Third Judicial District Court, Powell County, in orders entered on November 12, 2019. The State points out that Belanus filed his notices of appeal on March 2, 2020, long after the time to appeal had expired. The State argues the appeals should be dismissed and that Belanus should not be granted any out-of-time appeals.

Belanus argues he timely filed his appeals based upon the Montana Rules of Civil Procedure. He explains that after the District Court dismissed his action as moot, he filed a Rule 59(e) Motion on December 10, 2019. After sixty days ran without a ruling by the District Court, he sought an appeal of the "deemed denied" motion pursuant to M. R. App. P. 4(5)(a)(iv)(E).

This Court has reviewed the Powell County District Court record. In the underlying proceeding, Belanus challenged the constitutionality of a postconviction statute, namely

---

[1] In an order entered March 23, 2020, we consolidated three appeals filed by Belanus, Cause Nos. 20-0126, 20-0127, and 20-0128, into one appeal under Cause No. 20-0126.

§ 46-21-104, MCA, in his civil complaint filed December 17, 2015. On November 12, 2019, after an initial dismissal for Belanus's failure to prosecute, the District Court dismissed Belanus's action as moot because Belanus had sought postconviction relief in 2011 in the First Judicial District Court, Lewis and Clark County, where his criminal case had originated. The court also noted, as the State also points out, that Belanus appealed that decision to this Court, and we affirmed. *Belanus v. State*, No. DA 14-0782, 2016 MT 262N, 2016 Mont. LEXIS 923.

The State argues Belanus is attempting to use the Rules of Civil Procedure to avoid the procedural bars governing postconviction proceedings. "Unlike civil complaints, the postconviction statutes are demanding in their pleading requirements." *Ellenburg v. Chase*, 2004 MT 66, ¶ 12, 320 Mont. 315, 87 P.3d 473. The Montana Rules of Civil Procedure apply to petitions for postconviction relief unless the Rules conflict with the statutes. *Ellenburg*, ¶ 12. *See* § 46-21-201(1)(c), MCA ("To the extent that they are applicable and are not inconsistent with this chapter, the rules of procedure governing civil procedure apply to the proceeding."). A postconviction proceeding commences with a petition or an amended petition. Sections 46-21-102, 46-21-103, and 46-21-105, MCA. Belanus is incorrect that an appeal may be taken from the "deemed denial" of a post-judgment motion because such rules, M. R. Civ. P. 59 and 60, do not apply in post-conviction proceedings. Under the statutes, an appeal may be taken only "from an order entered on a petition." Section 46-21-203, MCA. Belanus previously took such an appeal from the sentencing court, Lewis and Clark County District Court, that had jurisdiction over his petition for postconviction relief. Section 46-21-101(1), MCA; *Belanus*, ¶¶ 3-4.

We conclude the State's arguments are dispositive. Belanus should have sought a timely appeal on or before January 10, 2020. He did not do so. Moreover, his appeals are a second bite at the apple and are barred. Section 46-21-102(1), MCA. We conclude that the appeals filed by Belanus in this consolidated case are all improper, and that Belanus is not entitled to an out-of-time appeal. Therefore,

IT IS ORDERED that the State's Motion to Dismiss Appeals is GRANTED and this consolidated appeal is DISMISSED WITH PREJUDICE.

The Clerk of the Supreme Court shall provide a copy of this Order to counsel of record and to Duane Ronald Belanus personally.

DATED this 29th day of April, 2020.

Justices