FILED

03/09/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0129

DA 20-0129

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 64N

SHANE PHILLIP NICKERSON,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV-19-1271
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Shane Phillip Nickerson, Self-Represented, Deer Lodge, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

Travis R. Ahner, Flathead County Attorney, Caitlin Overland, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  December 2, 2020

Decided:  March 9, 2021

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      On October 4, 2009, Shane Phillip Nickerson was found guilty by a jury of sexual assault, aggravated assault, criminal endangerment, and assault on a minor.

¶3      Nickerson was sentenced to Montana State Prison for a term of 50 years for sexual assault. He was also sentenced to the following concurrent terms: 20 years for aggravated assault, 10 years for criminal endangerment, and five years for assault on a minor. Nickerson appealed his conviction alleging that the State failed to prove an essential element of the assault on a minor charge.  Nickerson also asserted a claim of ineffective assistance of counsel (IAC).  *State v. Nickerson*, DA 10-0259, 2011 MT 85N, 2011 Mont. LEXIS 116.

¶4      On April 20, 2011, we remanded the case to the District Court with instructions to strike Nickerson's conviction of assault on a minor and the associated sentence.  We held that Nickerson's claim of IAC was without merit.

¶5      On November 18, 2019, Nickerson filed a petition for postconviction relief (PCR) arguing malicious prosecution, that his trial attorney was ineffective, and that exculpatory evidence was not properly examined.  On December 30, 2019, the District Court dismissed

2

Nickerson's petition. The court held that Nickerson's petition for PCR was time barred, and that the petition did not raise grounds for relief that could not have been raised in Nickerson's other filings, including his direct appeal. On February 14, 2020, Nickerson filed a petition for a writ of habeas corpus with this Court. Nickerson's petition was denied on March 10, 2020. Nickerson now appeals the District Court's denial of his petition for PCR.

¶6 Nickerson argues on appeal that although his petition for PCR was time barred, his request for further DNA testing constituted new evidence. Nickerson argues that his trial was fundamentally unfair and requests that he be granted a new trial.

¶7 We review a district court's denial of a petition for PCR to determine whether its findings are clearly erroneous and whether it correctly interpreted the law. *Ellenburg v. Chase*, 2004 MT 66, ¶ 10, 320 Mont. 315, 87 P.3d 473.

¶8 Petitions for PCR must be based on more than mere conclusory allegations. *Ellenburg*, ¶ 16. The petition must "identify all facts supporting grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. Under § 46-21-105(2), MCA, grounds for relief that were or could have reasonably been raised on direct appeal may not be raised in PCR proceedings. Claims for PCR "may be filed at any time within 1 year of the date that the conviction becomes final." Section 46-21-102(1), MCA. If there is an allegation of newly discovered evidence,

> "A claim that alleges the existence of newly discovered evidence that, *if proved and viewed in light of the evidence as a whole* would establish that the petitioner did not engage in the criminal conduct for which the petitioner

3

was convicted, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later."

Section 46-21-102(2), MCA (emphasis added).

¶9 Nickerson's petition for PCR was, and is, time barred because he had until July 18, 2012, to file his petition. Instead, he filed his petition for PCR over eight years after his conviction became final. In his memo supporting the petition for PCR, Nickerson alleged that he had newly discovered evidence proving his innocence. He did not provide the court with any new evidence, but instead argued that the State failed to produce the evidence. Moreover, the argument regarding evidence that Nickerson believes the State was required to provide could have reasonably been made in his direct appeal. As Nickerson did not provide any newly discovered evidence, his petition for PCR remains time barred by § 46-21-102, MCA.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶11 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

4