

FILED

04/13/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0152

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0152

JACOB SMITH,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

ORDER

FILED

APR 1 3 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, Jacob Smith has filed a Petition for an Out-of-Time Appeal, with attachments. Smith seeks to appeal a February 4, 2019 Memorandum and Order Denying Petition for Post-Conviction Relief, issued by the Second Judicial District Court, Silver Bow County. M. R. App. P. 4(6) allows this Court to grant an out-of-time appeal "[i]n the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice[.]"

Smith seeks an appeal after a two-year delay. He offers that after he received the District Court's Order, he filed a 60(b) motion, "which extended any Appeal deadline for 60 days when the [C]ourt fails to rule on the motion." Following those sixty days, Smith states that he filed "an Amended Petition for Postconviction Relief and motion for leave," and argues he "has a statutory right to amend his Petition one time." Smith adds that "the [c]ourt failed to ever rule on the motion for leave or the amended petition." In his instant Petition, Smith raises claims of his fitness to proceed, the lack of material evidence, ineffective assistance of counsel, actual innocence, and newly discovered evidence concerning two 2014 urine-analysis results for drugs.

We have previously addressed this claim. In 2018, this Court denied Smith's petition for an out-of-time appeal from this sentence upon revocation, imposed in 2016. *State v. Smith*, No. DA 18-0176, Order (Mont. Apr. 17, 2018) (Smith). At that time, we

stated that Smith had not provided any reason for his delay in seeking an appeal. Further, we pointed out:

> However, not all of Smith's attachments support his claim that his drug tests were negative. A Montana Probation and Parole Officer stated that Smith tested positive on September 24, 2014, for amphetamine, as indicated in an attached testing report. Further, during Smith's appearance at a dispositional hearing on the revocation petition, he admitted to violating his probation by using or possessing illegal drugs, as noted by the District Court's order:
>
> > Specifically, he admitted that he used or possessed methamphetamine, a Schedule II dangerous drug, on or about September 24, 2014, and that he again used or possessed methamphetamine on or about October 1, 2014. The [c]ourt found that the Defendant was aware of his rights, and of the nature and consequences of revocation proceedings. The [c]ourt found that Defendant was competent, and that his admissions were made knowingly and voluntarily.
>
> Upon these admissions, the court revoked Smith's ten-year suspended sentence for felony criminal possession of dangerous drugs with intent to distribute, and imposed a five-year commitment to the Department of Corrections.

*Smith*, at 1-2.

While Smith provides reasons for the two-year delay on this occasion, his reasons do not withstand scrutiny. "To the extent that they are applicable and are not inconsistent with this chapter, the rules of procedure governing civil proceedings apply to the proceeding." Section 46-21-201(1)(c), MCA. Smith states that he filed a motion, pursuant to M. R. Civ. P. 60(b), after the District Court issued its decision. This Court has previously explained that several rules of civil procedure do not apply to postconviction proceedings.

> "[U]nlike civil complaints, the postconviction statutes are demanding in their pleading requirements." We pointed to § 46-21-104(1), MCA, which requires, among other things, that a petition for postconviction relief "clearly set forth the alleged . . . violations" and include attachments establishing identified facts supporting the grounds for relief. We also observed § 46-21-104(2), MCA, states that a petition--unlike a civil complaint--must be accompanied by a supporting memorandum. *See Ellenburg [v. Chase]*,

2

[2004 MT 66,] ¶ 12[, 320 Mont. 315, 87 P.3d 473]. We concluded that, "because the testing of the sufficiency of postconviction claims is directed by the more specific provisions of the postconviction statutes, the traditional civil law standards for testing the sufficiency of claims is [sic] unavailable to postconviction petitioners." *Ellenburg*, ¶ 12.

*Herman v. State*, 2006 MT 7, ¶ 43, 330 Mont. 267, 127 P.3d 422. We also held that the summary judgment rule, pursuant to M. R. Civ. P. 56, does not apply to postconviction proceedings and "that the usual civil law dismissal standards do not apply in postconviction proceedings." *Herman*, ¶ 47. Rule 59 and 60 motions are inconsistent with the statutory scheme for postconviction relief because of the existing statutes, especially §§ 46-21-104, -105, and -201(1)(a), MCA. *Herman*, ¶¶ 43, 47.

Smith's post-judgment Amended Petition for Postconviction Relief did not extend the time for filing an appeal. While a petition can be amended, that does not supersede the statutory scheme for postconviction relief. The scheme contemplates that an amended petition for postconviction relief would be filed before the District Court issued an order denying the original petition. Here, Smith filed a motion for leave to file an amended petition *after* the District Court had already denied his petition for postconviction relief. The District Court was not required to set a deadline for the filing of an amended petition. Pursuant to § 46-21-105(1)(b), MCA, the District Court is not required to consider a second or subsequent petition "unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition." The District Court rejected Smith's contention that he had recently acquired newly discovered evidence.[1] In its Order denying Smith's petition, the District Court stated that "Petitioner [Smith] knew of the State crime lab report in September of 2016[.]" Upon

---

[1] The purpose of § 46-21-105, MCA, is for a petitioner to present all claims in a petition, and "to eliminate the unnecessary burden placed upon the courts by repetitious or specious petitions." Section 46-21-105, MCA (citing Uniform Post-Conviction Procedural Act, § 8, Comm'n Comments).

review, we conclude that Smith has not demonstrated extraordinary circumstances for an out-of-time appeal. Therefore,

IT IS ORDERED that Smith's Petition for an Out-of-Time Appeal is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jacob Smith personally.

DATED this 13 day of April, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

4