ORIGINAL



FILED

10/18/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0415

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0415

FILED

OCT 1 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

SHANE PHILLIP NICKERSON,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

ORDER

Shane Phillip Nickerson returns to this Court with his Petition for Rehearing after receiving an extension of time to file his pleading.

Nickerson cites to M. R. App. P. 20(1)(a) and contends that this Court overlooked material facts when we denied his petition for a writ of habeas corpus on August 16, 2022. Nickerson states that "[t]he petitions in Nickerson II and Nickerson IV were incorrectly filed arguing double jeopardy violations in relation to the convictions, not the [invalidity] of the sentences attached to those convictions." He further states that this Court overlooked "the [A]nalysis used in *Vernon Kills on Top v. Guyer,*" No. OP 18-0656, 2019 Mont. LEXIS 292 (Jul. 31, 2019). Nickerson maintains that his criminal endangerment sentence is facially invalid. He asserts that this Court overlooked the "misinformation" based on his prior criminal history. Nickerson continues and puts forth extraordinary circumstances, including prejudicial information in the pre-sentence investigation report. He points out that the District Court dismissed his felony assault on officer charges. He contends that this misinformation was prejudicial, both enhancing his sentence and imposing a higher tier level based on a high risk to the community.

Nickerson cites to the correct rule. This Court "will consider a petition for rehearing presented only upon . . . [t]hat it overlooked some fact material to the decision[,] . . . or

[t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a)(i) and (iii). "Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

Nickerson attempts to re-litigate his convictions, even though he contends he challenges invalid sentences. Nickerson has had two appeals and four original proceedings with this Court. We provided more detail about these decisions in the August 16, 2022 Order: *State v. Nickerson*, No. DA 10-0259, 2011 MT 85N, 2011 Mont. LEXIS 116 (*Nickerson I*); *Nickerson v. Guyer*, No. OP 20-0101, Order denying habeas corpus relief (Mont. March 10, 2020) (*Nickerson II*); *Nickerson v. State*, 2021 MT 64N, 2021 Mont. LEXIS 229 (Mar. 9, 2021) (*Nickerson III*); *Nickerson v. Salmonsen*, No. OP 22-0260, Order denying habeas corpus relief (Mont. Jun. 7, 2022) (*Nickerson IV*); and *Nickerson v. Salmonsen*, No. OP 22-0415, Order denying habeas corpus relief (Mont. Aug. 16, 2022) (*Nickerson V*). We have told Nickerson several times that habeas corpus is not the remedy for his requested relief. In August 2022, we concluded "that Nickerson has exhausted his remedies with this Court concerning his 2009 convictions and 2010 sentence. *Nickerson I, Nickerson II, Nickerson IV*, and *Nickerson V*." *See Nickerson V*, at 3.

Nickerson is not entitled to rehearing. We have not overlooked material facts, and we have addressed his claims previously. Nickerson cannot utilize a petition for rehearing as a vehicle either to raise the same issues or to attempt to raise new claims. M. R. App. P. 20(1)(a). We cautioned Nickerson that if he "were to file another pleading with the same or similar claims, this Court will impose the requirement of filing a motion for leave prior to filing any pleading." *See Nickerson V*, at 3. Nickerson failed to heed this warning. Therefore,

IT IS ORDERED that Nickerson's Petition for Rehearing is DENIED and DISMISSED.

IT IS FURTHER ORDERED that henceforth, prior to filing an original proceeding with this Court, Nickerson is directed to file a motion for leave to file the pleading. The

motion must be sworn under oath before a notary public, not exceed three pages in length, and make a preliminary showing that the motion has merit and meets the criteria of a prima facie case under M. R. App. P. 14(5). Only when this Court has reviewed the motion and issued an order granting leave to file may the Clerk of this Court file a Petition. Any other original pleading that Nickerson seeks to file shall be rejected forthwith, and the Clerk shall inform Nickerson accordingly.

The Clerk is directed to provide a copy of this Order to counsel of record and to Shane Phillip Nickerson, along with a copy of M. R. App. P. 14(5), for his reference.

The Clerk is also directed to close this case as of this Order's date.

DATED this 18 day of October, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3