No. 00-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 282

STATE OF MONTANA,

Plaintiff and Respondent,

v.

JOHN THOMAS WRIGHT,

Defendant and Appellant.

APPEAL FROM: District Court of the Sixteenth Judicial District,

In and for the County of Custer,

Honorable Gary L. Day, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

John Thomas Wright, Pro Se, Deer Lodge, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; C. Mark Fowler,

Assistant Attorney General, Helena, Montana

Coleen I. Magera, County Attorney, Miles City, Montana

Submitted on Briefs: May 4, 2001

Decided: December 20, 2001

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 The Defendant, John Thomas Wright (Wright), pled guilty to eleven counts of sexual assault on January 30, 1998, in the Sixteenth Judicial District Court in Custer County. Wright was sentenced on May 28, 1998, and on July 15, 1999, he filed a petition for postconviction relief. The District Court denied his petition, and he appeals therefrom. We affirm.

¶2 The dispositive issues on appeal are:

¶3 1. Did the District Court err in determining that Wright did not receive ineffective assistance of counsel on the asserted grounds that Wright's counsel coerced him to plead guilty, failed to appeal his sentence, and withheld exculpatory evidence?

¶4 2. Did the District Court err in determining that Wright was not unlawfully sentenced on the asserted grounds that the oral pronouncement varied from the written sentence, the District Court's nunc pro tunc order was improper, and that the condition ordering Wright to stay out of Custer County was illegal?

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 On September 18, 1997, Wright was charged by information with twelve (12) counts of sexual assault, a felony, in violation of § 45-5-502(1)(3), MCA. Alternatively, under two of the counts, he was charged with sexual intercourse without consent, a felony, in violation of § 45-5-503(1)(3)(a), MCA. Wright, represented by his court-appointed counsel, J. Dennis Corbin (Corbin), and the State entered into a written plea agreement, which was filed on December 18, 1997. The plea agreement specified that Wright would plead guilty to eleven counts of sexual assault, and in exchange, the State would dismiss the two alternative counts of sexual intercourse without consent and one count of sexual

assault.

¶6 At the change of plea hearing on January 30, 1998, Wright entered a plea of guilty to eleven (11) counts of sexual assault. The District Court then ordered a pre-sentence investigation and psychosexual evaluation.

¶7 At the sentencing hearing on May 28, 1998, the District Court sentenced Wright to five (5) years in Montana State Prison on each of the eleven (11) counts, with each sentence to run consecutively. The District Court suspended sentence on six (6) counts. The District Court ordered Wright to register as a sex offender, undergo HIV testing, and comply with all of the conditions set forth in the pre-sentence investigation report, including the recommendation that Wright never be allowed to return to Custer County. Additionally, the District Court ordered Wright to undergo medically safe treatment to reduce sexual fantasies and sex drive. The duration of the treatment was to be determined by the Department of Corrections. Finally, the District Court ordered Wright to complete phases 1 and 2 of the Sex Offender Treatment Program at Montana State Prison before he would be eligible for parole or probation.

¶8 Wright did not file a direct appeal on any issue. On July 15, 1999, Wright filed a petition for postconviction relief. On May 9, 2000, the District Court issued an order denying Wright's petition for postconviction relief. Wright appeals the judgment of the District Court.

## STANDARD OF REVIEW

¶9 The standard of review of a district court's denial of a petition for postconviction relief is whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *State v. Charlo*, 2000 MT 192, ¶ 7, 300 Mont. 435, ¶ 7, 4 P.3d 1201, ¶ 7. This Court adheres to the doctrine of implied findings which states that where a court's findings are general in terms, any findings not specifically made, but necessary to the judgment, are deemed to have been implied, if supported by the evidence. *Interstate Brands Corp. v. Cannon* (1985), 218 Mont. 380, 384, 708 P.2d 573, 576. A petition for postconviction relief must be based on more than mere conclusory allegations. "The petition for postconviction relief must . . . identify all facts supporting the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA.

## DISCUSSION

¶10 1. Did the District Court err in determining Wright did not receive ineffective assistance of counsel?

¶11 In considering ineffective assistance of counsel claims in postconviction proceedings, this Court has adopted the two-pronged test set forth by the United States Supreme Court in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. The two-prong test requires, first, that counsel's performance was deficient. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *State v. Hagen* (1995), 273 Mont. 432, 440, 903 P.2d 1381, 1386 (*Hagen I*). This requires showing counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hagen I,* 273 Mont. at 440, 903 P.2d at 1386. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hagen I,* 273 Mont. at 440, 903 P.2d at 1386. In the context of a guilty plea, prejudice is established if the petitioner demonstrates that, but for his counsel's deficient performance, he would not have pled guilty and would have insisted on going to trial. *State v. Cady*, 2000 MT 353, ¶ 10, 303 Mont. 258, ¶ 10, 15 P.3d 479, ¶ 10. This Court has also held that the *Strickland* standard applies to petitions for postconviction relief. *Hans v. State* (1997), 283 Mont. 379, 393, 942 P.2d 674, 683; *Lester Kills On Top v. State* (1995), 273 Mont. 32, 49, 901 P.2d 1368, 1379.

¶12 Before reaching the merits of an ineffective assistance of counsel claim in a postconviction relief proceeding it is necessary to determine whether such a claim is properly before the Court or whether the claim is procedurally barred. *Hagen v. State*, 1999 MT 8, ¶ 11, 293 Mont. 60, ¶ 11, 973 P.2d 233, ¶ 11 (*Hagen II*). Such a claim could be barred by § 46-21-105(2), MCA (1999), which provides that grounds for relief which reasonably could have been raised on direct appeal may not be raised thereafter in a petition for postconviction relief. This Court has stated,

> In that regard, where ineffective assistance of counsel claims are based on facts of record in the underlying case, they must be raised in the direct appeal; conversely, where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for

postconviction relief.

*Hagen II, ¶ 12.*

¶13 This Court consistently applies the statutory bar "in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal." *State v. Hanson*, 1999 MT 226, ¶ 14, 296 Mont. 82, ¶ 14, 988 P.2d 299, ¶ 14 (quoting *In re Petition of Manula* (1993), 263 Mont. 166, 169, 866 P.2d 1127, 1129).

¶14 First, Wright claims he received ineffective assistance of counsel when he entered his plea of guilty to the eleven counts of sexual assault, because he was coerced into pleading guilty by his attorney. Whether Wright voluntarily entered the guilty plea, or whether he was coerced into pleading guilty by his trial counsel, is a question of fact. We must look to the record in the underlying case to determine whether this issue of fact was documented therein.

¶15 The record contains evidence regarding Wright's guilty plea and Corbin's representation of Wright. First, Wright signed a plea agreement which addressed these issues. The record also contains the transcript of a conversation between Wright and Corbin discussing the terms and consequences of the plea agreement, which was recorded by the court reporter on January 30, 1998, before the change of plea hearing. Finally, the record contains a minute entry regarding the change of plea hearing.

¶16 A review of the record here indicates that the voluntary nature of Wright's plea was squarely addressed in the underlying proceeding and was well documented. The plea agreement, signed by Wright on December 17, 1997, contained the following provisions:

> I acknowledge that my attorney has explained to me and advised me of the following and I fully understand that:
>
> 1. I have the right to plead not guilty, or to persist in that plea if it has already been made, and thereby place the burden of proof in proving my guilt upon the prosecution beyond a reasonable doubt.
>
> . . .
>
> 6. I have had ample time and opportunity to discuss this case with my attorney,

received the full benefit of my attorney's advice, and am satisfied with the services of my attorney.

. . . .

8. I have not been threatened, coerced, forced or intimated in any way.

9. I have entered into this agreement freely and voluntarily and with full knowledge of its terms and conditions.

¶17 The transcribed conversation between Corbin and Wright on January 30, 1998, indicates that Corbin discussed the process of entering a plea which Wright would subsequently undertake. Corbin asked Wright if he understood all the rights he was giving up by pleading guilty, and Wright responded that he did. Corbin also asked Wright if he was pleading guilty to the charges because he was, in fact, guilty. Wright answered, "Yes, I am."

¶18 Finally, the minute entry made about the change of plea hearing indicates that Wright told the District Court he was satisfied with Corbin's services, and that he understood the rights he would waive by entering a guilty plea.

¶19 There is ample indication on the record to determine that the issue of the voluntary nature of Wright's plea, and of the propriety of Corbin's representation of Wright, were raised in the District Court and documented. Clearly, Wright could have raised the issue on appeal, had he elected to do so. He is therefore barred from raising these arguments by way of postconviction relief. We must apply the bar "in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal." *Hanson,* ¶ 14.

¶20 On that basis, we will not disturb the District Court's conclusion that Wright entered into the plea agreement voluntarily and not as a result of coercion by his trial counsel.

¶21 Second, Wright alleges he received ineffective assistance of counsel when his counsel failed to appeal his sentence after indicating to Wright that he would appeal the sentence.

¶22 "[W]here allegations of ineffective assistance cannot be documented from the record

in the underlying case, such claims can only be raised in a postconviction proceeding." *Hagen II,* ¶ 15; *State v. Bromgard* (1995), 273 Mont 20, 23, 901 P.2d 611, 613. Wright's conversation with his counsel regarding the decision to appeal the sentence or lack of conversation, does not appear in the record. Because such facts may be gleaned only from evidence outside the record, the issue is properly the subject of a petition for postconviction relief and could not have been raised on direct appeal. *Hagen II,* ¶ 35. Thus, this claim is not procedurally barred under § 46-21-105(2), MCA.

¶23 In considering ineffective assistance of counsel claims in postconviction proceedings, this Court follows the *Strickland* test, as set forth above. In analyzing an ineffective assistance of counsel claim, the first prong of the *Strickland* test requires the defendant to show his counsel's performance was deficient. *Hagen I*, 273 Mont. at 440, 903 P.2d at 1386. Wright claims his counsel, Corbin, advised him that he would appeal the sentence imposed because the sentence was not lawful. Furthermore, Wright argues, that Corbin did not appeal like he said he would, and as a result, he was denied his right to directly appeal the sentence imposed.

¶24 The State argues that Wright's defense counsel, Corbin, was not aware of any intention of Wright to appeal his sentence, nor was Corbin instructed to do so. The State's claim is substantiated by Corbin's own statements given in his deposition in this matter. Corbin, under oath, stated he was never asked by Wright to appeal his sentence, nor did he indicate to Wright he would appeal the sentence.

¶25 Wright argues the District Court erred in considering Corbin's deposition on the grounds that the deposition was not taken in conformity with the Montana Rules of Civil Procedure, because Wright was not given written notice of the State's intent to depose Corbin. While it would have been a better practice to notify Wright of the deposition, district courts are not strictly bound by the Rules of Civil Procedure in postconviction relief proceedings, especially where a specific provision in the postconviction statutes touches upon the subject. *State v. Garner*, 1999 MT 295, ¶ 21, 297 Mont. 89, ¶ 21, 990 P.2d 175, ¶ 21. In a postconviction proceeding, a district court has the discretion to "receive proof of affidavits, depositions, oral testimony, or other evidence." Section 46-21-201(5), MCA. Given this discretion, it was permissible for the District Court to accept Corbin's deposition as evidence. Though it could not be considered a properly-conducted deposition under the Rules of Civil Procedure, Corbin's statement under oath nonetheless constitutes "other evidence" which the District Court may consider, and thus, there was no error.

¶26 The District Court determined that there was no credible evidence establishing Wright's claim that his counsel refused to appeal when he was instructed to appeal. The only evidence presented suggesting Corbin refused to appeal the sentence after being instructed to appeal was Wright's own affidavit submitted with this petition. The District Court also determined that Corbin was not aware of any intention by Wright to appeal his sentence.

¶27 Determining whether Wright instructed Corbin to appeal his sentence is a question of fact. In a postconviction proceeding, this Court will not disturb the district court's findings of fact unless they are clearly erroneous. *Charlo,* ¶ 7. There is substantial evidence to support the District Court's findings that Corbin was not aware of Wright's intention to appeal the sentence, and Corbin was never instructed by Wright to appeal his sentence. Therefore, we will not disturb the District Court's findings of fact regarding this issue. We conclude that defense counsel's action of not appealing Wright's sentence did not constitute deficient performance of counsel, and therefore, the first prong of the *Strickland* test is not satisfied. Wright's claim of ineffective assistance of counsel for failure to appeal his sentence fails.

¶28 Third, Wright argues he received ineffective assistance of counsel when Corbin withheld exculpatory evidence from him prior to his change of plea hearing.

¶29 Wright claims that prior to his entering a guilty plea to eleven (11) counts of sexual assault, defense counsel did not advise him that two of the victims had made second statements that contradicted their original statements, which would have cleared Wright of two charges. The existence of these two statements are not documented in the record in the underlying case. Consequently, we will not apply the procedural bar and will address the merits of Wright's argument. See *Hagen II*, ¶ 11 and ¶ 15.

¶30 In applying the *Strickland* test, Wright must first show his counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; *Hagen I*, 273 Mont. at 440, 903 P.2d at 1389. The only support Wright provides for his allegation that Corbin withheld exculpatory evidence is Wright's own affidavit. Wright has not produced the alleged revised statements from the victims or any records indicating the victims even gave a second statement.

¶31 A petition for postconviction relief must be based on more than mere conclusory allegations. "The petition for postconviction relief must . . . identify all facts supporting

the grounds for relief set forth in the petition and have attached affidavits, records, or other evidence establishing the existence of those facts." Section 46-21-104(1)(c), MCA. Wright's affidavit regarding the second statements of the victims, along with being wholly self-serving, is no more than mere conclusory allegations unsupported by any evidence. No facts have been presented to establish the existence of the second statements.

¶32 Furthermore, the evidence before the District Court showed that no second statements were given by any of the victims. Corbin stated in his deposition that he was unaware of a second statement from any victim that retracted or contradicted the victim's first statement, and he stated that he did not receive such a statement. Also, the State neither received a second statement, nor was aware that any of the victims had made such a statement.

¶33 The District Court, in its findings of fact, determined the second statements do not exist. As stated earlier, in a postconviction proceeding, this Court will not disturb the district court's findings of fact unless they are clearly erroneous. *Charlo*, ¶ 7. There is substantial evidence to support the District Court's finding that the second statements do not exist. Thus, we will not disturb the District Court's findings of fact regarding this issue.

¶34 Having failed to show Corbin's performance was deficient, Wright has failed to successfully satisfy 2the first prong of the *Strickland* test regarding his claim that Corbin withheld information about exculpatory second statements from the victims. Therefore, we affirm the District Court's order denying all of Wright's claims of ineffective assistance of counsel.

¶35 Did the District Court err in determining that Wright was not unlawfully sentenced?

¶36 Wright raises three separate sentencing issues: (1) the oral pronouncement of sentence varied from the written sentence; (2) the District Court's nunc pro tunc order was improper; and (3) the sentencing condition ordering Wright to say out of Custer County was illegal. Wright could have raised each of these sentencing claims before the District Court and on direct appeal. However, he chose not to do so. Having determined the District Court's findings-that Corbin was not aware of Wright's intention to appeal his sentence, nor was Corbin instructed by Wright to appeal his sentence-were not clearly erroneous, it follows that the three sentencing claims raised here are procedurally barred for postconviction relief.

¶37 We have applied the statutory bar consistently "in order to prevent the abuse of postconviction relief by criminal defendants who would substitute those proceedings for direct appeal and in order to preserve the integrity of the trial and direct appeal." *Hanson*, ¶ 14, quoting *Manula,* 263 Mont. at 169, 866 P.2d at 129. Because Wright reasonably could have raised the sentencing issues on direct appeal, he is barred under § 46-21-105 (2), MCA, from raising them in postconviction relief.

¶38 We hold that the District Court did not err in denying Wright's petition for postconviction relief. Its order is affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART