No. 03-550

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 93N

DAVID A. MELONE,

       Petitioner and Appellant,

  v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Second Judicial District,
                 In and For the County of Silver Bow, Cause No. DC 98-136,
                 Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       David A. Melone, *pro se*, Deer Lodge, Montana

       For Respondent:

            Honorable Mike McGrath, Attorney General; Pamela P. Collins, Assistant
            Attorney General, Helena, Montana

            Robert McCarthy, County Attorney; Brad Newman, Chief Deputy
            County Attorney, Butte, Montana

               Submitted on Briefs:  March 3, 2004

               Decided:  April 13, 2004

Filed:

                                 Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 David A. "Sonny" Melone (Melone) appeals from the Second Judicial District, Silver Bow County, where his petition for postconviction relief was denied.

¶3 The issue on appeal is restated as follows:

¶4 Whether the District Court erred in denying Melone's petition for postconviction relief.

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 In October 1998, Thomas Brosovic (Brosovic) was stabbed while riding in a taxi cab. He suffered four serious lacerations to his face from a knife or razor. Melone was subsequently charged by information with felony assault for the attack on Brosovic. In February 1999, Melone entered an Alford plea to felony assault as charged in the information. During a sentencing hearing that March, the District Court ordered that Melone be sentenced to the Montana State Prison for ten years and for an additional term of ten years for being a persistent felony offender.

¶6 The following day, Melone filed a motion to withdraw his Alford plea and to proceed to trial before a new judge in a different venue. The District Court denied the motion to allow Melone to withdraw his plea but found that he was not afforded the opportunity to

2

object to the allegations contained in the persistent felony offender notice; and, therefore, the District Court vacated Melone's sentence and ordered a re-sentencing hearing in April. At the re-sentencing hearing, Melone represented himself. He objected to the persistent felony offender designation but did not dispute the fact that he had prior convictions. The District Court judged Melone to be guilty of felony assault. The District Court, again, sentenced Melone to the Montana State Prison for ten years and for an additional term of ten years for being a persistent felony offender. Melone then filed an appeal with this Court claiming that his plea was not knowing and voluntary and that he should have been allowed to withdraw his plea. This Court reversed and remanded to the District Court to permit Melone to withdraw his plea. *State v. Melone*, 2000 MT 118, 299 Mont. 442, 2 P.3d 233.

¶7 In June 2000, Melone, with counsel present, entered a plea of not guilty to felony assault. Thereafter, on July 6, 2000, Melone appeared with counsel and requested leave to withdraw his previously entered "not guilty" plea and enter a "guilty" plea. The District Court granted this request and orally sentenced Melone "to Montana State Prison for a period of ten years." A written judgment and order of commitment was subsequently entered. It stated that Melone

> shall be committed to the custody of the Montana Department of Corrections for placement at the Montana State Prison for a term of (10) years, pursuant to Section 45-5-202(3)(a), MCA.
>
> . . . .
>
> IT IS FURTHER ORDERED that the Defendant is remanded to the custody of the Butte-Silver Bow Sheriff for transfer to the custody of the

3

Montana Department of Corrections, which shall place the Defendant at the Montana State Prison and carry out the terms of this Judgment.

¶8 On May 29, 2002, Melone filed a petition in the District Court for postconviction relief. He alleged that the District Court lacked jurisdiction to sentence him to the Department of Corrections for ten years because under § 46-18-201(e), MCA (1997),[1] the District Court could only commit Melone to the Department of Corrections for a period not greater than five years. The State responded that the sentence imposed was a straight prison commitment, not a Department of Corrections commitment, and that Melone's petition was untimely because it was not filed within one year from the date the conviction became final. The District Court denied the petition finding that, even though there was a conflict between the oral pronouncement and the written sentence, the oral pronouncement was the legally effective sentence. The District Court then ordered that an amended judgment be prepared that would conform with the sentence imposed at the sentencing hearing on July 6, 2000. In July 2003, the District Court entered an amended judgment and order of commitment. Melone appeals from the order denying postconviction relief.

## STANDARD OF REVIEW

¶9 We review the denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are

---

[1]Melone cited § 46-18-201(3)(d)(i), MCA (2003), in his petition; however, the correct statute is § 46-18-201(e), MCA (1997), because that was the statute in effect at the time the offense was committed. Although the wrong statute was cited, the two statutes are substantially similar, and we will address the issue as if Melone had cited the correct statute.

4

correct. *Porter v. State*, 2002 MT 319, ¶ 13, 313 Mont. 149, ¶ 13, 60 P.3d 951, ¶ 13 (citing *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9).

## DISCUSSION

¶10 *Whether the District Court erred in denying Melone's petition for postconviction relief.*

¶11 Melone argues that the written judgment sentencing Melone to the Department of Corrections for ten years violates § 46-18-201(e), MCA, which limits a commitment to the Department of Corrections to no more than five years. In denying Melone's petition, the District Court cited our decision in *State v. Lane*, 1998 MT 76, 288 Mont. 286, 957 P.2d 9. In *Lane*, we held that "the sentence orally pronounced from the bench in the presence of the defendant is the legally effective sentence and valid, final judgment." *Lane*, ¶ 40. Here, the oral sentence Melone received sentenced him to the *Montana State Prison* for ten years and so § 46-18-201(e), MCA, does not apply.

¶12 The entry of judgment date was July 6, 2000, and under § 46-21-102(1), MCA, a petition for relief must be filed "within 1 year of the date that the conviction becomes final." Melone did not file his petition for postconviction relief until May of 2002, almost a full two years after the July 2000 judgment. As such, Melone's claim is time-barred.

¶13 Melone now argues that the District Court's order to amend the written judgment was actually a re-sentencing and that, under § 46-18-116(2), MCA, he should have been present. While Melone correctly states the law under § 46-18-116(2), MCA, he ignores the obvious– that the amended judgment was not a re-sentencing. There was no re-sentencing because the

5

written judgment did not alter the oral sentence originally imposed. The written judgment was amended only to conform to the controlling oral sentence. Therefore, Melone's argument fails.

¶14 Lastly, Melone argues that his counsel was ineffective because counsel did not recognize that the written judgment differed from the oral sentence. There is no merit to this argument. Even if Melone's counsel would have brought the discrepancy to the District Court's attention before the time bar, at best, the written judgment would have been modified, just as it has been, to conform to the controlling oral sentence.

¶15 Accordingly, the District Court did not err in denying Melone's petition for postconviction relief.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE