FILED

03/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0246

DA 16-0246

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 52N

STATE OF MONTANA,

　　　　Plaintiff and Appellee,

　v.

WALTER STEWART, JR.,

　　　　Defendant and Appellant.

APPEAL FROM:　District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DC 02-05
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Chad Wright, Appellate Defender, Danny Tenenbaum, Assistant Appellate
Defender, Helena, Montana

　　　　For Appellee:

　　　　　　Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

　　　　　　Jay Harris, Big Horn County Attorney, Hardin, Montana

Submitted on Briefs:　January 3, 2018

Decided:　March 20, 2018

Filed:

_____
　　　　　　　　　Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Walter Mitchell Stewart, Jr., appeals from an order of the Twenty-Second Judicial District Court, Big Horn County, revoking his suspended sentence and resentencing him to ten years in prison, with no time suspended. We remand for modification of Stewart's sentence but otherwise affirm the judgment.

¶3      In 2002, Stewart pleaded guilty to two counts of criminal endangerment. The District Court sentenced him to two ten-year prison terms, to run consecutively, with all time suspended. At the beginning of 2012, Stewart completed his first ten-year suspended sentence and it was discharged. He then began serving his second ten-year suspended sentence. Subsequently, Stewart was convicted of a separate charge in federal court. The federal court sentenced Stewart to federal custody and thereafter a period of supervised release. Stewart was already serving his second ten-year suspended sentence when the federal court sentenced Stewart; thus, it appears that the federal sentence was intended to run concurrently with Stewart's second ten-year suspended sentence.

¶4      In November 2015, the State filed a petition to revoke Stewart's second ten-year sentence based on Stewart's failure to comply with the conditions of its suspension. Following a hearing, the District Court revoked Stewart's suspension and imposed a

2

ten-year prison sentence with no time suspended. The District Court further ordered the ten-year prison sentence to run consecutively to Stewart's federal sentence.

¶5 Stewart argues on appeal that the District Court erred in ordering his second ten-year revoked sentence to run consecutively to his federal sentence. Section 46-18-203(7)(a)(iii), MCA, provides that, after revoking a suspended sentence, the sentencing court can "require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence." The State concedes that the District Court did not have the authority to order the sentences to run consecutively because that was not an option when Stewart was originally sentenced for criminal endangerment.

¶6 In this case, it was within the purview of the federal court, not the state court, to decide whether the sentences ran concurrently or consecutively. The federal court appeared to order the sentences to run concurrently, and it was error for the District Court to later order differently when revoking Stewart's second ten-year suspended sentence. Pursuant to our authority under § 46-20-703(1), MCA, we modify the District Court's judgment and order Stewart's ten-year sentence in a prison designated by the Montana Department of Corrections to run concurrently with, not consecutively to, his sentence imposed in the U.S. District Court for the District of Montana, Cause No. CR 12-86, *United States of America v. Walter Mitchell Stewart, Jr*. We accordingly remand this matter to the District Court and order the court strike the language ordering the sentences to run consecutively. Stewart's sentence is to run concurrently with his federal sentence in Cause No. CR 12-86.

¶7 Stewart also argues on appeal that the District Court violated § 46-18-203(7)(b), MCA (2015), when it revoked his suspended sentence without considering elapsed time and without stating the reasons for its determination. Section 46-18-203(7)(b), MCA (2015), provides:

> If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served.

The State responds, contending that Stewart waived his claim regarding elapsed time because the District Court's sentence is legal and Stewart failed to object when the District Court declined to give him credit for elapsed time.

¶8 Generally, this Court will not review an issue on appeal if the party raising the issue did not object in the trial court. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892. There exists a *Lenihan* exception to the general rule, and we will review a criminal sentence that is alleged to be illegal or in excess of statutory mandates, even if the defendant did not object in the trial court. *Kotwicki*, ¶ 8 (citing *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)). A trial court's "failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception." *Kotwicki*, ¶¶ 13, 21.

¶9 We find that the *Lenihan* exception is not applicable in this case. The trial court failed to abide by the statutory requirements of § 46-18-203(7)(b), MCA (2015), by not expressly discussing elapsed time, giving rise to an objectionable sentence if appropriately

4

raised in the trial court. The sentence imposed on Stewart by the District Court is not, however, illegal or in excess of statutory mandates. District courts have the discretion to allow or reject credit for elapsed time, § 46-18-203(7)(b), MCA (2015); they are not required to grant a defendant credit for elapsed time. In this case, the District Court imposed the maximum-length sentence it could legally impose, ordering Stewart to serve ten years in prison with no time suspended. *See* § 46-18-203(7)(a)(iii), MCA (providing that a sentencing court, after revoking a suspended sentence, can "require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence"). Because the District Court's mistake was one of failure to abide by a statutory requirement and because the court imposed a legal sentence, the *Lenihan* exception does not apply. Accordingly, Stewart's failure to object to the District Court's failure to grant him elapsed time in the trial court constitutes a waiver of that issue.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶11 We remand this case to the District Court for modification of Stewart's sentence as explained above but otherwise affirm the District Court's judgment.

/S/ LAURIE McKINNON

5

We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ JIM RICE