

FILED

06/23/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0260

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0260

_____

WALTER MITCHELL STEWART, JR.,

Petitioner,

v.

WARDEN PETER BLUDWORTH,
CROSSROADS CORRECTIONAL CENTER,

Respondent.

_____

FILED

JUN 2 3 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Walter Mitchell Stewart, Jr., has filed a petition for a writ of habeas corpus, indicating that his incarceration is illegal because of the running of his sentences. In compliance with this Court's May 15, 2020 Order, the Assistant Attorney General for the State of Montana has filed a response that Stewart is not entitled to habeas corpus relief.

Both Stewart and the State provide a procedural history. In December 2002, Stewart pleaded guilty to two counts of criminal endangerment in the Montana 22nd Judicial District Court, Big Horn County, following a drunk driving crash that resulted in a death. The District Court sentenced Stewart to two consecutive, suspended ten-year terms. Stewart discharged one term in 2012 and began serving the second sentence. The State sought revocation of his suspended sentence in 2015. During the February 2016 dispositional hearing, Stewart's probation officer testified that Stewart had a 2012 conviction in federal court for failure to register. The probation officer offered that the three-year prison sentence was near completion but that Stewart still had almost ten years of supervised release remaining. Stewart's counsel then explained that his federal supervised release was revoked in 2015 and that the federal court imposed a six-month term of incarceration to be followed by ten years of supervised release. Ultimately, the District Court imposed a ten-year prison sentence to run consecutively to his ten years of federal supervised release. Stewart appealed and this Court remanded for resentencing so that Stewart's sentence did not run consecutive to his federal sentence. *State v. Stewart,*

No. DA 16-0246, 2018 MT 52N, ¶ 11, 2018 Mont. LEXIS 63. In his petition, Stewart recites parts of this Court's decision and indicates that the sentence imposed upon remand is illegal. He now requests his immediate release and recalculation of his sentence.

The State responds that the District Court promptly issued an Amended Dispositional Order and Judgment dated March 21, 2018, imposing ten years to the Montana State Prison (MSP), to run concurrently with his federal sentence. The State also provides an affidavit from the MSP Records Department Manager, Michele McKinnon, explaining that Stewart was credited for time served from both his original sentence and his sentence upon revocation, which gave Stewart a commencement date of January 8, 2015. The State notes that Stewart's prison sentence discharges on January 5, 2025. The State further points out that Stewart's federal sentence does not have any effect on the calculation of his sentence imposed in state court. The State explains that the federal court determines whether Stewart is entitled to any other credit on his federal supervised release, such as his custodial time Stewart has served in state prison. The State concludes that Stewart's sentence as imposed in District Court is legal and has been calculated correctly thereby precluding any relief under habeas corpus.

We find the State's arguments persuasive. Stewart cannot demonstrate an illegal sentence. Stewart, therefore, is not entitled to habeas corpus relief or his immediate release. Section 46-22-101(1), MCA. Accordingly,

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Walter Mitchell Stewart Jr. personally.

DATED this 23rd day of June, 2020.

_____
Chief Justice

_____

_____

2

_____

_____
Justices