FILED

09/16/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0424

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0424

_____

GENE MEREDITH,

      Petitioner,

v.

JIM SALMONSEN,

      Respondent.

_____

FILED

SEP 15 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Gene Meredith, also known as Gene R. Meredith, petitions this Court for habeas corpus relief, challenging his 2008 conviction of deliberate homicide. He challenges the conclusion that he understood the criminality of the act, arguing his actions were involuntary, which should have been a factor considered at his sentencing. Meredith requests that he be resentenced.

The Eighth Judicial District Court sentenced Meredith to life without parole after a Cascade County jury found Meredith guilty of deliberate homicide for a woman's murder in 2006. Meredith appealed his conviction. *State v. Meredith*, 2010 MT 27, ¶¶ 2-5, 355 Mont. 148, 226 P.3d 571. In providing the factual background, we stated:

> Meredith was charged with deliberate homicide in violation of § 45-5-102, MCA. After Meredith's arrest, Dr. Virginia Hill, a psychiatrist at the Montana State Hospital, evaluated Meredith. Dr. Hill diagnosed Meredith with schizoaffective disorder. However, Dr. Hill explained at trial that a person with schizoaffective disorder can knowingly and purposely commit homicide.
>
> Although Dr. Hill concluded that Meredith did have a serious mental illness, she also observed that he had a tendency to over report his symptoms.

*Meredith*, ¶¶ 16-17. Meredith did not raise any issue regarding his mental health or this disorder on appeal. We affirmed. *Meredith*, ¶¶ 1, 60.

Meredith is not entitled to habeas corpus relief or resentencing after more than twelve years since his conviction. Meredith's present challenge would have been more appropriate in his direct appeal because it pertains to his conviction and the resulting sentence. *State v. Wright*, 2001 MT 282, ¶ 13, 307 Mont. 349, 42 P.3d 753. Meredith could have raised this issue or the term of his sentence in his appeal. He did not do so. Meredith is procedurally barred now from challenging his sentence as unlawful under Montana statutes because by appealing, he has exhausted the remedy of appeal. Section 46-22-101(2), MCA. Therefore,

IT IS ORDERED that Meredith's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Gene Meredith personally.

DATED this 15 day of September, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

2