ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED

09/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0453

OP 20-0453

WALTER MITCHELL STEWART, JR.,

Petitioner,

v.

PETER BLUDWORTH,

Respondent.

FILED

SEP 2 9 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Walter Mitchell Stewart Jr. has filed a Petition for a Writ of Habeas Corpus, indicating that his incarceration is illegal. He explains that he has been taken advantage of as a Native American man in Montana because he does not understand the statutes or jurisdictional matters. He states that he should have been charged on a reservation and not in a State of Montana courtroom under Montana law. He also contends that he has served all his sentence time. Stewart notes that he has attached case law, but no exhibits were included with his filed petition.

This Court is familiar with Stewart's history. The Big Horn County District Court sentenced Stewart to two consecutive, suspended ten-year terms for two counts of criminal endangerment in 2002. Stewart discharged one term in 2012 and began serving the second sentence. In 2015, the State sought revocation of his suspended sentence. Stewart's probation officer testified during the February 2016 dispositional hearing. His probation officer noted that Stewart had a 2012 conviction of failure to register in federal court and that while the three-year prison sentence was near completion, Stewart still had almost ten years of supervised release remaining. Stewart's counsel then explained that his federal supervised release was revoked in 2015 and that the federal court imposed a six-month term of incarceration to be followed by ten years of supervised release. Ultimately, the District Court imposed a ten-year prison sentence to run consecutively to his ten years of supervised release.

Stewart appealed. *State v. Stewart*, No. DA 16-0246, 2018 MT 52N, ¶ 11, 2018 Mont. LEXIS 63. This Court remanded his criminal case to the District Court for modification of his sentence upon revocation to run concurrently with his ten years of federal supervision. The District Court issued an Amended Dispositional Order and Judgment on March 21, 2018, sentencing Stewart upon revocation to the Montana State Prison (MSP) for ten years, to run concurrently with his federal sentence. Stewart's sentence upon revocation after applying credit had a commencement date of January 8, 2015, and Stewart's prison sentence discharges on January 5, 2025. *See Stewart v. Bludworth*, No. OP 20-0260, 2020 Mont. LEXIS 1847, Order denying petition for habeas corpus relief, at *2-*3 (Mont. Jun. 23, 2020).

Stewart should have raised any claims about jurisdiction in an appeal. *State v. Wright*, 2001 MT 282, ¶ 13, 307 Mont. 349, 42 P.3d 753. Stewart is procedurally barred from attacking his 2002 convictions through a writ of habeas corpus. Section 46-22-101(2), MCA. Furthermore, his claim lacks merit. Stewart was charged and convicted in Big Horn County District Court. Even if the offenses occurred on a reservation, the District Court would have jurisdiction. We recently reiterated that states, such as Montana, have the "power to unilaterally assume criminal jurisdiction on reservations . . . ." *Lozeau v. Anciaux*, 2019 MT 235, ¶ 9, 397 Mont. 312, 449 P.3d 830. "In 1963, acting under the authority of PL-280 § 7, the State by legislative act (House Bill No. 55) provided a procedure for the assumption of jurisdiction in Indian country. 1963 Mont. Laws ch. 81, § 1, now codified at § 2-1-301, MCA (2017)." *Lozeau*, ¶ 9.

We remind Stewart that his second sentence from 2002 was initially revoked in 2016, which re-set his time to serve as a ten-year prison term. He has a high burden as a petitioner here, and he has not met it. *Miller v. Eleventh Judicial District Court*, 2007 MT 58, ¶ 14, 336 Mont. 207, 154 P.3d 1186. Last year, this Court stated that Stewart's state sentence is valid after the District Court's prompt amendment and the sentence calculation provided by the Department of Corrections.

2

Stewart has not demonstrated that his sentence is facially invalid or that he is incarcerated illegally. Section 46-22-101(1), MCA. Moreover, he is procedurally barred from challenging his sentence upon revocation through a petition for habeas corpus relief. Section 46-22-101(2), MCA. Therefore,

IT IS ORDERED that Stewart's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Walter Mitchell Stewart Jr. personally.

DATED this 29th day of September, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3