ORIGINAL

FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0447

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0447

_____

FILED

SEP 21 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

LOUIS TED CAYE,

Petitioner,

v.

MARK JOHNSON,
Warden, Butte-Silver Bow Detention Center,

Respondent.

ORDER

_____

Representing himself, Petitioner Louis Ted Caye seeks habeas corpus relief because his "attorneys are in fact depriving [him] of [his] liberty and [he] would like [his] arguments investigated more thoroughly." Caye raises six arguments, including: (1) no knowledge of omnibus hearing or the resulting document; (2) his speedy trial waiver was forced and coerced; (3) improper medical attention; (4) his refusal to take a plea offer resulted in Judge Krueger not signing an order granting an unopposed motion; (5) after appointment of new counsel, Caye's former attorney begins working for the prosecutor's office; and (6) his new attorneys sought a bond reduction hearing in June 2021 which has not been addressed by the court. Caye requests dismissal with prejudice for his underlying case in the Butte-Silver Bow District Court because of his assertion of severe prejudice. Caye is currently incarcerated in the Butte-Silver Bow Detention Center.

Caye includes several documents from the District Court and copies of correspondence from counsel as well as copies of his medical kites. From the March 24, 2021 copy of the register of actions, the State of Montana charged Caye with deliberate homicide and criminal possession of dangerous drugs in December 2019. The District Court granted leave to file on January 6, 2020. Caye was arraigned on January 16, 2020. We point out that a defendant does not have to appear at an omnibus hearing, pursuant to 46-13-110(3), MCA. The court has reset the jury trial in this matter

at least twice, and Caye's counsel filed the waiver of speedy trial on November 23, 2020. We also point out that on the same day, Caye received a five-day furlough from the Detention Center.

Upon review, we conclude that Caye's remedy is not through habeas corpus relief. Section 46-22-101(1), MCA. Caye is correct that habeas corpus is the remedy for challenging the legal sufficiency of the cause of incarceration. *See August v. Burns*, 79 Mont. 198, 213, 255 P. 737, 741 (1927) ("The purpose of a writ of habeas corpus is to determine the legality or illegality of the restraint alleged to be exercised. It is available only to those persons . . . unlawfully imprisoned or restrained of their liberty."). Caye, however, has not demonstrated illegal incarceration because he is not unlawfully restrained of his liberty. The cause of his incarceration is due to the pending criminal offenses.

This Court does not conduct investigations. As stated, Caye has counsel to represent him in his underlying proceeding. Caye's issues are more appropriate on appeal after he has been convicted and sentenced. An appeal is the proper forum in which to litigate issues arising from a conviction and sentence. *State v. Wright*, 2001 MT 282, ¶¶ 36-37, 307 Mont. 349, 42 P.3d 753. Habeas corpus does not offer an alternative remedy to a direct appeal. Caye is not entitled to dismissal of his underlying criminal case. Therefore,

IT IS ORDERED that Caye's Petition for Writ of Habeas Corpus is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to Kelli Johnson Fivey, Deputy County Attorney; to Nick Hyde and Andrew Jenks, Defense Counsel; to Tom Powers, Clerk of District Court, under Cause No. DC-19-314; to counsel of record; to Colleen Ambrose, DOC Legal Counsel, and to Ted Louis Caye personally.

DATED this 21st day of September, 2021.

_____

_____

_____

_____
Justices