

FILED

09/21/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0462

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0462

WESLEY J. BARTELL,

Petitioner,

v.

JIM SALMONSEN, Warden,
Montana State Prison, Deer Lodge,

Respondent.

ORDER

Wesley J. Bartell has filed a Petition for Writ of Habeas Corpus, "[c]hallenging [his] Unlawful and Illegal [Judgment] and Imprisonment . . . ." Bartell explains that is seeking redress under several U.S. Constitution Amendments—First, Fifth, and Fourteenth—because of the lack of subject matter jurisdiction, void judgment, judicial bias, void information, and lack of actual probable cause. He states that his due process rights have been violated. He also moves this Court "TO COMPEL ALL CASE FILES, DISCOVERY, TRANSCRIPTS AND COURT RECORDS PURSUANT TO M.R.APP.P. 8(3) AND FOR THE PURPOSE OF COMPLYING WITH THE REQUIREMENTS SET FORTH IN M.C.A. § 46-22-201(1),(b)." (Emphasis in original.) Bartell provides that only when he receives all the documentation will he be able to comply with § 46-22-201(1)(b), MCA, which states "why the imprisonment or restraint is unlawful[.]"

Bartell's imprisonment is not unlawful. This Court secured copies of relevant documents. In 2018, Bartell entered a guilty plea to felony failure to follow the geographic restriction applicable to high-risk sexual offenders in the Lake County District Court. On March 21, 2018, the District Court deferred imposition of a three-year sentence. Bartell violated conditions of probation about a month later. In 2019, the District Court revoked the original sentence, imposing a five-year, unsuspended term of commitment to the Department of Corrections, to run concurrently with another sentence. Bartell did not appeal.

Bartell's challenges to his imprisonment are not properly before this Court because the challenges go to his conviction. By not appealing, Bartell has thus exhausted his remedy of appeal. Section 46-22-101(2), MCA. The remedy of habeas corpus is not a substitute for a direct appeal of a conviction and sentence. An appeal is the proper forum in which to litigate issues arising from a conviction and sentence. *State v. Wright*, 2001 MT 282, ¶¶ 36-37, 307 Mont. 349, 42 P.3d 753. Bartell is precluded from challenging jurisdiction, the charging documents, or probable cause here. *See Montgomery v. State*, 2015 MT 151, ¶ 11, 379 Mont. 353, 350 P.3d 77 ("The District Court had subject matter jurisdiction over the felonies as stated in Mont. Const. art. VII, § 4(1) and § 3-5-302(1)(a), MCA, and the court granted leave for the prosecution to commence. Section 46-11-101(3), MCA.").

Bartell's motion is unwarranted. In an original proceeding, such as his petition for habeas corpus relief, the court record rule of M. R. App. P. 8(3) does not apply. M. R. App. P. 8(3) applies to direct appeals, not petitions for extraordinary relief. A petition must set forth the facts, legal questions, and authorities, pursuant to M. R. App. P. 14(5). A petition for extraordinary relief should not be used to obtain copies of court records, charging documents, or other pleadings.

This Court concludes that Bartell is not entitled to habeas corpus relief. Section 46-22-101(1), MCA; *Lott v. State*, 2006 MT 279, ¶ 19, 334 Mont. 270, 150 P.3d 337. Therefore,

IT IS ORDERED that Bartell's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that Bartell's pending motion is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Wesley J. Bartell personally.

DATED this 21st day of September, 2021.

_____

2

_____

_____

_____

_____
Justices

3