ORIGINAL

**FILED**

04/05/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0149

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### OP 22-0149

DAVID REKO HERNANDEZ,

Petitioner,

v.

PETER BLUDWORTH, Warden,

Respondent.

FILED

APR 0 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, David Reko Hernandez has filed a Petition for Writ of Habeas Corpus, claiming that his incarceration is illegal. He attaches a January 28, 2022 order from the District Court in Toole County, where Hernandez is incarcerated, denying his habeas corpus petition. Hernandez argues that the court did not apply the habeas corpus statute correctly. He requests this Court to grant relief and remand his criminal case to the Lewis and Clark County District Court for resentencing.

Available electronic records indicate that in August 2008, the Yellowstone County District Court sentenced Hernandez to the Montana State Prison (MSP) for a twenty-five-year term and imposed a parole eligibility restriction of ten years. The District Court also suspended the last ten years of the sentence. In May 2019, the Lewis and Clark County District Court sentenced Hernandez to the Department of Corrections (DOC) for a five-year term to run consecutively to his prior sentence.

Hernandez contends that the State failed in its duty to care for the physical and mental health of those within its custody and control when it released him on parole without medication to care for his bi-polar syndrome. Hernandez claims that his inability to properly regulate his actions led to his parole violation, which in turn led to his current incarceration. Hernandez states that he "recognizes his own responsibility as well" and therefore asks "not for a complete release from his conviction, but for an appropriate, legal sentence that takes into account his mental-health and rehabilitative needs."

Hernandez is not entitled to relief for these claims through a writ of habeas corpus. Section 46-22-101(1), MCA. He did not appeal to this Court in 2019. Section 46-20-104(1), MCA. An appeal is the proper forum to raise issues arising from a conviction and sentence; such issues cannot be addressed in post-judgment petitions like habeas corpus. *State v. Wright*, 2001 MT 282, ¶¶ 36-37, 307 Mont. 349, 42 P.2d 753.

The law is clear that constitutional claims concerning conditions of confinement and medical care are not remedied by writs of habeas corpus. *Gates v. Missoula Cnty. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988). Hernandez is correct that "[t]he government custodian responsible for the custody and care of incarcerated persons has a constitutional duty to provide for the 'general well-being' and 'basic human needs' of incarcerated persons, including but not necessarily limited to food, clothing, shelter, medical care, mental health care, and reasonable safety." *Disability Rights Mont. v. Mont. Judicial Dists. 1-22*, No. OP 20-0189, 2020 Mont. LEXIS 973 (Apr. 14, 2020). A properly established claim may be cognizable in an appropriate civil action—but not in collateral attack of his conviction. *See Helling v. McKinney*, 509 U.S. 25, 31, 113 S. Ct. 2475, 2480 (1993) (noting that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). *See also Quigg v. Slaughter*, 2007 MT 76, ¶ 19, 336 Mont. 474, 154 P.3d 1217 (citing *Jellison v. Mahoney*, 1999 MT 217, ¶ 12, 295 Mont. 540, 986 P.2d 1089, and explaining requirements for establishing an Eighth Amendment violation). Hernandez's arguments acknowledge this point by referring to principles of negligence and cases concerning such claims.

Although Hernandez argues that his claims pertain to the "underl[ying] cause" of his imprisonment, for which the law expressly grants a remedy of habeas corpus, he has not demonstrated illegal incarceration through a facially invalid sentence such as Petitioner Lott in the case that he references. *Lott v. State*, 2006 MT 279, ¶¶ 22-23. 334 Mont. 270, 150 P.3d 337. He is not entitled to habeas corpus relief or to resentencing.

2

IT IS THEREFORE ORDERED that Hernandez's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide this Order to counsel of record and to David Reko Hernandez personally.

DATED this 5ᵗʰ day of April, 2022.

_____

_____

_____

_____

_____
Justices