**ORIGINAL**

FILED

09/27/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0505

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 22-0505

CARL H. YETMAN,

    Petitioner,

v.

PETE BLUDWORTH, Warden,
Crossroads Correctional Center,

    Respondent.

FILED

SEP 27 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

## O R D E R

Carl H. Yetman petitions this Court for habeas corpus relief, "because of the restitution that the County of [Ravalli] and the State of Montana [are] trying to make [him] pay." Yetman argues that with his life sentence and no possibility of parole, it is "impossible" to pay. He contends that according to Montana case law and statutes, he should not have to pay. Yetman concludes that "the courts" now owe him over ten thousand dollars for what he has paid already with interest.

On July 5, 2005, the Ravalli County District Court accepted Yetman's no contest plea to deliberate homicide. On September 1, 2005, the District Court sentenced Yetman to the Montana State Prison "for the rest of his natural life, **with no possibility of parole**." (Emphasis in original).

In its written judgment, the court specifically stated that:

The Court directs an accounting be made of Defendant's assets and filed by his counsel. None of the Defendant's assets shall be sold, transferred or conveyed in any manner until this Court has been able to determine if Defendant has monies in his estate sufficient to repay, in whole or in part, the cost of his court-appointed attorneys, or any liens or medical expenses related to the victim, surcharges assessed, and Crime Victim's Compensation services which include $2,626.00 for funeral services and $12.00 for mental health treatment of Edna Cole.

The court determined that Yetman also should pay $5,880.00 for the costs of the public defender or court-appointed counsel. Yetman did not appeal.

Montana's statute for habeas corpus relief provides that a court may inquire into the cause of restraint or incarceration to determine its illegality. Section 46-22-101(1), MCA. Yetman has not demonstrated a facially invalid sentence. The District Court determined that he was able to pay the funeral costs and his counsel's fees and directed an accounting of assets for that purpose in 2005. *See* §§ 46-18-231(3), MCA (2003) (for fines); 46-18-232(2), MCA (2003) (for costs if able to pay), and 46-18-244(1), MCA (2003) (amount of restitution). Yetman did not challenge the court's sentence in a timely appeal, and he is precluded from raising this issue through a writ petition more than seventeen years later. Section 46-22-101(2), MCA. Yetman's challenge to his restitution, including costs, cannot be addressed in a habeas corpus proceeding. *State v. Wright*, 2001 MT 282, ¶¶ 36-37, 307 Mont. 349, 42 P.2d 753.

IT IS THEREFORE ORDERED that Yetman's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide this Order to counsel of record and to Carl H. Yetman personally.

DATED this 27 day of September, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

2