ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

FILED
06/11/2024
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: OP 24-0359

OP 24-0359

STORM SMITH,

    Petitioner,

v.

CAPTAIN HASH,
MISSOULA COUNTY DETENTION FACILITY,

    Respondent.

FILED

JUN 11 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Storm Smith petitions this Court for habeas corpus relief, indicating illegal incarceration. He requests as relief that "[t]his Court conduct a speedy trial on [his] current criminal case or direct the lower court to do so." Smith is currently held in the Missoula County Detention Facility.

Smith states he was arrested for misdemeanor partner or family member assault (PFMA) on October 18, 2023, and that he was released the next day on his own recognizance (O/R). Less than a week later, Smith was charged with felony PFMA. On February 12, 2024, he adds that he had a GPS bracelet placed on him as part of a drug treatment program. Smith further provides that he was returned to custody on April 5, 2024. Smith puts forth that, due to the GPS bracelet placement restricting his freedom, he has "been in constant custody since [October] 18, 2023." He argues that if he were financially able to post bond, then he "would not have been placed in the restrictive position he was placed in, via [an] ankle bracelet." He contends that his pre-trial delay is unconstitutionally prolonged.

We secured a copy of the Missoula County District Court's docket sheet. The court initially set bond at $50,000 with the issuance of the arrest warrant on October 24, 2023, for the felony PFMA. After being released in January 2024, the court issued a bench warrant and increased the bond amount to $100,000. The warrant was served on April 8, 2024.

Smith's issues are not remedied by a writ of habeas corpus. He has not demonstrated want of bail, pursuant to § 46-22-103, MCA, because the District Court imposed bond twice. Smith's claims concerning the length of his custody and pretrial delay are more appropriately raised in an appeal after he receives a conviction and sentence. *See State v. Wright*, 2001 MT 282, ¶¶ 13, 37, 307 Mont. 349, 42 P.3d 349 (a direct appeal is the remedy to challenge a conviction and sentence).

Smith's remedy is not with this Court. This Court is not a fact-finding court nor do we conduct trials. The cause of his incarceration is his pending criminal case. *Gates v. Missoula Cnty. Comm'rs*, 236 Mont. 261, 261-262, 766 P.2d 884, 884-885 (1988). Smith has not demonstrated illegal incarceration, and he is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Accordingly,

IT IS ORDERED that Smith's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to: the Honorable John W. Larson, District Court Judge; Amy McGhee, Clerk of District Court, under Cause No. DC 23-656, and for distribution to the counsel of record there; Captain Hash; counsel of record, and Storm Smith personally.

DATED this 11 day of June, 2024.

_____
Chief Justice

_____

_____

_____

2

_____
                    Justices