

ORIGINAL

FILED

10/23/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0579

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0579

TYLER DAVIS CASTONA,

Petitioner,

v.

JAMES SALMONSEN, Warden,
Montana State Prison,

Respondent.

**FILED**

**OCT 23 2024**

Bowen ·
C·····  ·  ·

ORDER

Tyler David Castona petitions this Court for habeas corpus relief, arguing "the totality of the constitutional violations requires dismissals[.]" Castona raises several claims pertaining to his alleged incarceration for three felonies, including that the charging documents were confusing, his speedy right to trial was violated, the prosecution was vindictive, and violations of equal protection and the same transaction rule. He provides no attachments or exhibits.

Available electronic documents indicate that the State of Montana charged Castona,[1] in July 2023, with felony assault on a minor, misdemeanor partner or family member assault (PFMA), misdemeanor PFMA, felony PFMA, misdemeanor negligent endangerment, and misdemeanor obstructing a peace officer in the First Judicial District Court, Broadwater County. On June 25, 2024, the District Court issued two written judgments. The court sentenced Castona for two misdemeanor PFMA convictions as well as the felony PFMA conviction. He received a five-year term with no time suspended and jail time credit. In a second criminal case for felony incest, the court sentenced Castona to a ten-year prison term with five years suspended. The two sentences were run concurrently. Castona did not appeal.

---

[1] Castona spells his first name as "Tyler".

The writ of habeas corpus is not the remedy for Castona's claims. Section 46-22-101(1), MCA. Constitutional claims are not redressable in a writ of habeas corpus. *Gates v. Missoula County Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988) (the habeas corpus "statute allows a prisoner to challenge the legal sufficiency of the *cause* for incarceration."). (Emphasis in original.) The cause of Castona's incarceration is his recent sentences. His claims are more appropriate for an appeal. *See State v. Wright*, 2001 MT 282, ¶¶ 13, 37, 307 Mont. 349, 42 P.3d 753 (a direct appeal is the remedy to challenge a conviction and sentence).

Castona's remedy is an appeal of his convictions and sentences to this Court. M. R. App. P. 4(5)(b)(i). Because more than sixty days have elapsed since sentencing, Castona would need to seek an out-of-time appeal. M. R. App. P. 4(6). On the claims presented, Castona is not entitled to habeas corpus relief. Section 46-22-101(1), MCA. Therefore,

IT IS ORDERED that Castona's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to Tyler David Castona along with a copy of this Court's Appellate Handbook.

DATED this *23rd* day of October, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2